THOMAS E. GREENLAND, Appellant, *v.* JOHN A. WADDELL et al., Respondents.

In an action to recover a certified check, representing the balance claimed to be due of the purchase-price of certain real estate sold by plaintiff to defendant W., it appeared that one B. died seized of the premises in question, leaving her surviving a brother and two sisters, S. and A., her only heirs-at-law, and leaving a will by which she gave her entire estate, real and personal, to her executors, in trust, with power and directions to sell and distribute the proceeds to her brother and sister S., each one-third, the income of the other third to be paid to A. during the joint lives of herself and her husband. If she survived him she was to take the *corpus* of the fund; if she died before him, leaving lawful issue, the income to be paid for their benefit until the youngest should reach the age of twenty-one years; and then the principal to be paid to them; in case of the death of A. without leaving issue, or if all of said issue die before reaching the age of twenty-one the fund to go to the brother and S. At the time of the death of the testatrix A. had no children living. One of the executors died, and the survivor, who was the brother of the testatrix, with his sister S., conveyed all their interest in said premises to A. Shortly after, upon petition of the three, the Supreme Court made an order accepting the resignation of the surviving executor, as trustee under the will, discharging him as such and appointing A. trustee. She, as trustee, conveyed said premises to J., who reconveyed to her, and she then, individually, conveyed to plaintiff. W. objected that plaintiff's deed did not convey a good title to one-third of the premises. *Held,* untenable; that by the will there was an equitable conversion of the real estate into personalty; that the provision therein as to the children of A. was void, being in contravention of the statute forbidding the suspension of the absolute ownership of personal property for more than two lives in being (1 R. S. 773, § 1), and the testatrix died intestate as to that part of her estate; that, by the conveyance to A. from her brother and sister, she acquired the entire beneficial interest therein; that as the beneficiaries could effectually elect to have a reconversion into realty, and take it as land rather than the proceeds of it, and as all the parties having any beneficial interest in the land or its proceeds had joined in a conveyance of it so that no occasion remained for an exercise of the power of sale, the exercise of that power might be deemed dispensed with and defeated; and, that, therefore, her deed conveyed to plaintiff a good title.

Also, *held,* that the execution of the power of sale devolved upon the executors as such, not as trustees; and that the acceptance of the resignation as trustee of the person named as executor and the appointment

of A., did not relieve the executor of the duty or vest in A. the power to make the sale as trustee; that while the relation as trustee, distinguished from that of executor, may be treated as terminated by force of the order of the court, that of executor remained and the court could not appoint a trustee to succeed him in the exercise of his functions as executor.

(Argued June 21, 1889; decided October 8, 1889.)

APPEAL from an order of the General Term of the City Court of Brooklyn, made September 27, 1886, which reversed a judgment in favor of the plaintiff, entered upon decision of the court, on trial at Special Term, and granted a new trial.

This action was brought to recover a certified bank check, representing the balance alleged to be due of the purchase-price of real estate sold and conveyed in March, 1885, by the plaintiff to the defendant Waddell, which bank check the latter had deposited with the defendant Major.

It appeared that at the time of the delivery of the deed to the defendant Waddell he paid all the purchase-money except $1,000, for which amount he delivered his check to Major, pursuant to an understanding with plaintiff, that it be held until the title was examined, and if found to be " such as a party could be compelled to accept under a contract assuring a title in fee," then the check should be delivered to the plaintiff.   After examination the defendant Waddell notified the plaintiff that the deed did not convey a good title to one-third of the premises, and thereupon tendered recon-veyance to the plaintiff, and demanded repayment of the money he had paid.   This was refused, and the action was thereafter commenced.

The title to the premises in question was formerly in Agnes Boerum, who died in the year 1875, leaving her brother Volkert R. Boerum, and two sisters, Mrs. Vanderveer and Mrs. Bush, her only heirs-at-law and next of kin, and leaving a will, which was admitted to probate and recorded.   By it she appointed her brother, Volkert R. Boerum, and Charles H. Vanderveer executors, to whom letters testamentary were issued.

So far as essential for reference here, her will was as follows: "After all my lawful debts are paid and discharged, I give and bequeath and devise unto my executors — and the survivor of them, all and singular my estate and property, real and personal — to have and to hold the same in trust, to receive and collect the rents, issues and profits, interest and income thereof, and as soon after my decease as in their judgment they shall deem expedient and for the best interest of my estate, to sell, assign, transfer, dispose of the same either at public or private sale, and to divide, pay and distribute the proceeds thereof, together with the whole of my estate, as follows: To my sister, Susan Vanderveer, wife of Charles H. Vanderveer, one equal third part thereof; to my brother, Volkert R. Boerum, one equal third part thereof. The remaining one equal third part thereof I hereby order and direct my said executors safely and securely to invest and reinvest from time to time, in their discretion, upon such security and in such manner as they shall deem advisable and proper, to receive and collect the interest or income thereof, and as the same shall by them be so collected, to pay the same to my sister Adrianna Bush, wife of Charles Bush, for and during the joint lives of her and her husband; and in case my said sister Adrianna Bush shall die before her said husband, leaving lawful issue surviving her, then my executors shall, from and after such death, pay such interest or income thereof, or such portion of such interest or income as may be necessary towards the support, maintenance and education of the child or children of my said sister Adrianna Bush, until the youngest child shall arrive at the age of twenty-one years; and, on said youngest child arriving at such age, my said executors shall pay and transfer to the child or children that shall then be living the whole of said remaining one-third, with its accumulations, and on the death of all said children, before arriving at such age, or on the death of my said sister Adrianna, without leaving lawful issue her surviving, my executors shall pay the remaining one-third, with its accumulations, to my brother Volkert R. Boerum and my sister Susan

Vanderveer, to be divided equally between them, share and share alike; and in case my said sister Adrianna Bush shall survive her husband Charles Bush, then on the death of her said husband the said remaining one-third, with its accumulations, shall be paid and transferred to my said sister Adrianna Bush, absolutely, in preference to any other disposition thereof."

In 1883 the executor Vanderveer died, leaving Boerum the sole surviving executor.    In February, 1884, Volkert R. Boerum and Susan Vanderveer conveyed all their interest in the premises in question to Mrs. Bush.    And shortly thereafter, upon the petition of Boerum, and with the consent of Mrs. Bush and Mrs. Vanderveer, an order was made by the Supreme Court accepting the resignation of Boerum as trustee of such will and discharging him accordingly and from all obligation to account further, etc.    And by the same order Mrs. Bush was appointed trustee under the will and directed to file security, etc.    Shortly afterwards, Mrs. Bush, as trustee, made to one Joslyn a deed of the premises, which he thereupon reconveyed to her, and she individually made deed of conveyance to the plaintiff.    This was the evidence of the title claimed by plaintiff to the one-third in question at the time of the commencement of the action, but before a final judgment a further deed was made by Mrs. Bush, as such trustee, to the plaintiff, which was treated as effectual for purposes of the action as if made before its commencement.

*Jesse Johnson* for appellant.    The character and effect of the will in question is such that the trust would not follow the office of executor, and could not be administered by an administrator with the will annexed appointed by the surrogate. (*Mott* v. *Ackerman*, 92 N. Y. 540 ; *Cook* v. *Platt*, 98 id. 39; *Matter of Clark*, 4 Redf. 466; *Green* v. *Green*, Id. 357; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Wetmore* v. *Parker*, Id. 450; *Ward* v. *Ward*, 105 id. 68; *In re Willetts*, 112 id. 289.)    But, conceding that the language of the will is such that in case of the death or resignation of the executors named in the will their powers and duties could have passed to an

administrator with the will annexed, nevertheless, it was a trust, and as such the Supreme Court had original and inherent jurisdiction in relation to, and over it, and could remove or substitute a trustee. (1 R. S. 730; 1 Edm. St. 680, §§ 68–71; *Monarque* v. *Monarque*, 80 N. Y. 320; *Conklin* v. *Egerton*, 21 Wend. 430; *Gilchrist* v. *Rea*, 9 Paige, 66; *Dominick* v. *Mychel*, 4 Sandf. 374; *Leggett* v. *Hunter*, 19 N. Y. 445, 459; *Roone* v. *Phillips*, 27 id. 357; *Holden* v. *N. Y. and E. Bk.*, 72 id. 286; *People* v. *Norton*, 9 id. 178; *Delaney* v. *McCormack*, 88 id. 174; *Farrar* v. *McCue*, 89 id. 139; *Cooke* v. *Platt*, 98 id. 35, 39; *Rogers* v. *Rogers*, 111 id. 237; *In re Waring*, 99 id. 114.) Under the general and conceded powers of a court of chancery, the appointment of the trustee was clearly within the jurisdiction of the Supreme Court. (1 Story Eq. Jur. § 76; *Chipman* v. *Montgomery*, 63 N. Y. 229; *Bailey* v. *Briggs*, 56 id. 413; *McCarter* v. *O. A. Soc.*, 9 Cow. 472, 473, 478, 485; *Brevoort* v. *Grace*, 53 N. Y. 251, 252.) The proceeding by which Mrs. Bush was appointed trustee, being a proceeding in the Supreme Court, with notice to all parties having any interest in the trust, it is conclusive and it cannot be questioned collaterally. (*Jordan* v. *Van Epps*, 85 N. Y. 427, 434, 436; *Jenkins* v. *Fahey*, 73 id. 355, 359; *Howell* v. *Mills*, 56 id. 226; *Blakely* v. *Calder*, 15 id. 617; *Clemens* v. *Clemens*, 37 id. 59, 73; *Hunt* v. *Hunt*, 72 id. 217; *People* v. *Norton*, 9 id. 178; *Brevoort* v. *Grace*, 53 id. 251, 252; *McCarty* v. *Orphan Asylum*, 9 Cow. 437, 473; *Monarque* v. *Monarque*, 80 N. Y. 320; *Garvey* v. *McDevitt*, 72 id. 556, 563.) If children should be born to Mrs. Bush, they would have no interest in this trust. The provision in relation to them is clearly void, being in violation of the statute against perpetuities. (1 R. S. 723, § 15; Id. 773, § 1; 1 Edm. St. 67, § 15; Id. 727.) The further deed which was given was sufficient to cure the defect which the court found. (*Farrar* v. *McCue*, 89 N. Y. 145.)

*A. B. Carrington* for respondents. The court had no power, upon petition, to discharge the executor and transfer

the power of sale to a trustee. (*Mott* v. *Ackerman*, 92 N. Y. 553, 554; *Door* v. *Wainwright*, 13 Pick. 328; *Town* v. *Amidon*, 20 id. 540; *Prescott* v. *Pitts*, 9 Mass. 376; *In re Van Wyck*, 1 Barb. Ch. 565; Gerard's Titles to Real Estate [2d ed.] 289; 3 Redf. Law of Wills, 76, 77; *Quackenboss* v. *Southwick*, 41 N. Y. 117, 121; *In re Hood*, 98 id. 368–371.) Inasmuch as the executors had never actually converted this land into money, and as they were never discharged as executors by a decree, the executor Boerum was never divested of the rights and responsibilities imposed upon him by the will. The fee of the land is still in him as executor, and he can be divested of it only by a *bona fide* sale for a valuable consideration. (*De Peyster* v. *Clendining*, 8 Paige, 295, 310, 311; 92 N. Y. 552.)

BRADLEY, J. The question is, whether or not the deed of conveyance made by the plaintiff to the defendant Waddell, was effectual to convey a perfect title to the one-third of the premises of which Agnes Boerum died seized. And that depends upon the result of the inquiry, whether the deeds of Mrs. Bush, individually and as trustee of the will of Agnes Boerum to plaintiff conveyed such title to him.

The will was productive of an equitable conversion of the real estate of the testatrix into personalty; and, for the purpose of the execution of the trusts created by the will, it must be so treated. (*Kane* v. *Gott*, 24 Wend. 640; *Stagg* v. *Jackson*, 1 N. Y. 206; *Everitt* v. *Everitt*, 29 id. 39.) By the terms of the will the entire estate of the testatrix was devised and bequeathed to the executors, and they were given the power of sale, for the purpose of distributing the proceeds as directed, that is to say, two-thirds of the amount to be paid to two distributees, and the income of the other third to Mrs. Bush while she remained the wife of her then husband. If she survived him she was to take the *corpus* of the fund, and if she did not it was to go to her lawful issue, if she left any surviving her, who reached the age of twenty-one years, otherwise it should go to her brother, Mr. Boerum, and her sister, Mrs. Vanderveer.

The executors took no title to the real estate as such. They were vested with a power to deal with it as personal estate for the purposes of the execution of trusts created by the will. And one question presented is whether the power of sale came within the duty of a trustee, as distinguished from that of an executor. The question as to where is located the line between the duties which fall upon an executor, and may be discharged by an administrator with the will annexed, and the powers which must be executed by a trustee, has been involved in some uncertainty in view of the apparent want of harmony in judicial opinion upon the subject. The theory upon which the distinction seems to have been founded is, that the duties of an executor pertain to the office, and those of a trustee to the person; that the character given to a trustee has relation to a personal trust, while that of an executor is official solely. Hence it has, in the more recent case of *Mott* v. *Ackerman* (92 N. Y. 553), been said by Judge FINCH, in speaking for the court, that " where the power granted or duty involved imply a personal confidence reposed in the individual over, above and beyond that which is ordinarily implied in the selection of an executor — the power and duty are not those of executors *virtute officii* and do not pass to the administrator with the will annexed." And when a discretionary power of sale is given to executors, or when, in the sense as applied to trusts, the duties imposed are active, the executors will be deemed trustees, and such powers cannot be executed by an administrator with the will annexed. (*Cooke* v. *Platt*, 98 N. Y. 35; *Ward* v. *Ward*, 105 id: 68.)

In the present case the real estate, of which the testatrix died seized, became, by virtue of the direction in her will to sell for the purposes there mentioned, personalty as of the time of her death, upon the principle applicable to such case, that what is directed to be done by the will may be regarded as done at the time directed. The doctrine of equitable conversion rests upon that principle. (Pomeroy's Eq. Jur. § 161.) The power to receive the rents and profits of the land, intermediate the death of the testatrix and the sale, did not qualify

the character, as personalty, of the land in the hands of the executors. That is incidental to the direction to sell, and the rents and profits so received also have the character of personalty, and are assets in the hands of the executor. (*Stagg* v. *Jackson*, 1 N. Y. 206 ; *Lent* v. *Howard*, 89 id. 169.) The title to the personalty vested in the executors by operation of law ; and to accomplish the purpose of the imperative direction in the will in that respect, it was within their power, and imposed upon them as a duty, by virtue of their office, to execute the power of sale. (*Lockman* v. *Reilly*, 95 N. Y. 64; *Meakings* v. *Cromwell*, 5 id. 136; *Bogert* v. *Hertell*, 4 Hill, 492.) As the consequence of this, the proceeds of the sale, when received by the executors, would be legal assets in their hands, for which they would be required to account. (*Hood* v. *Hood*, 85 N. Y. 561.) And if any duties were to follow, in respect to one-third of the fund, which would require the function of a trustee to execute, the executors, as such, would remain responsible for it until the severance in some manner by them of the trust fund. (*In re Hood*, 98 N. Y. 363.)

We have proceeded far enough to show the relation of the executors, as such, to the powers given by the will, sufficiently for the purpose of the question here. And it is unnecessary to consider the nature of the duties which would be assumed after the sale, in the management of the fund, the income of which they were directed to pay Mrs. Bush.

The power of sale was vested in the executors ; and, in view of the later authority giving construction to the statute in that respect (2 R. S. 72, § 22), that power of sale would be taken by an administrator with the will annexed. (*Mott* v. *Ackerman*, 92 N. Y. 539.) It is, however, contended by the plaintiff's counsel, that, notwithstanding the correctness of the proposition just stated, the power given to sell, created a trust for that purpose, and as such came within the jurisdiction of the Supreme Court; and, therefore, the acceptance of the resignation of Boerum as trustee, and the appointment of

Mrs. Bush as such by the court pursuant to the statute, was effectual to vest in the latter the power to make the sale. (1 R. S. 730, §§ 69, 70, 71.) There is no doubt about the power of the court to provide the means for the execution of a trust when there ceases to be a trustee to complete it. The statute provides that in case of death of a trustee of an unexecuted express trust, the trust shall vest in the Court of Chancery (now in the Supreme Court), with all the powers and duties of the original trustee, and shall be executed by some person appointed for the purpose under the direction of the court. (Id. § 68.) And that provision is applicable to powers in trust. (Id. 734, § 102.) It is said by text and judicial writers, to the effect, that the court of equity will not permit a trust to fail for want of a trustee to execute it. This means that the power of appointment of a trustee will be exercised by the court when occasion properly arises requiring it. Such were the cases of *Leggett* v. *Hunter.* (19 N. Y. 445); *Delaney* v. *McCormack* (88 id. 174); *Farrar* v. *McCue* (89 id. 139); *Cooke* v. *Platt* (98 id. 35); *Rogers* v. *Rogers* (111 id. 228). And they are cited by counsel to support the contention that the trustee appointed by the court in the present case, was vested with the power to make the sale and conveyance in question. It may be observed that those cases presented express trusts and powers in trust within the Revised Statutes, and, therefore, came within the statute before referred to, providing for the appointment of trustees to execute such trusts, and the appointments were essential for the execution of the trusts. The power of sale given by the will in question, is not within the statutory term of express trusts, and no title passed to the executor of the land as such; and "a general power is in trust when any person or class of persons other than the grantee of such power, is designated as entitled to the proceeds or any portion of the proceeds or other benefits to result from the execution of the power." (1 R. S. 734, § 94.)

The statute upon the subject of trusts is not applicable to that created by this will, although analogous principles, to some

extent at least, are applied to those of personal property. (*Kane* v. *Gott*, 24 Wend. 640; *Cutting* v. *Cutting*, 86 N. Y. 545.) It may be assumed that the power is inherent in the Supreme Court, without the aid of the statute, to administer trusts, in so far that it may, upon the death or disability of a trustee of an unexecuted trust, appoint another to execute it; and for adequate cause may remove a trustee and supply his place with another to complete the execution of a trust. This proposition is not applicable to an executor so far as relates to the duties of his office as such. As applied to him, the power is exclusively in the probate court.

The acceptance of the resignation, as trustee, of the person named as executor in the will did not, therefore, have the effect to relieve him from the execution, so far as it remained unexecuted, of the trust which was devolved upon him by virtue of the office of executor. (1 Perry on Trusts, § 281; *In re Van Wyck*, 1 Barb. Ch. 565; *Quackenboss* v. *Southwick*, 41 N. Y. 117.) While his relation as trustee, as distinguished from that of executor, may be treated as terminated by force of the order of the court, that of executor remained. And, as held in *Mott* v. *Ackerman* (*supra*), the power to make the sale being within the functions of the office of the executor, there is no occasion to extend the inquiry whether it would be in the jurisdiction of the Supreme Court to appoint a trustee to execute such a trust or power as that in question, in the event of a vacancy in the office of executor, or whether the power must, in such case, necessarily be executed by an administrator with the will annexed. While the executor remains in his relation as such, the court cannot appoint a trustee to supersede him in the exercise of his functions as executor. It cannot be assumed, upon the findings of the trial court, that all the duties of that officer had been discharged by him at the time his resignation of trustee was accepted by the court. The conclusion must follow that the power to make the sale and conveyance remained in the executor, and that Mrs. Bush did not, through her appointment as trustee, take such power. This was the ground upon which the Gen-

eral Term placed its determination, and, so far as appears, the inquiry there was not extended further than that.

There is a further question having relation to the validity of the provisions of the will, by which the testatrix sought to give the fund to the children of Mrs. Bush, if she left any surviving her, and in the event there mentioned. This question arises upon the statute which provides that "the absolute ownership of personal property shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or if such instrument be a will, for not more than two lives in being at the death of the testator." (1 R. S. 773, § 1.) At the time of the death of the testatrix, Mrs. Bush had no children living, and she never has had any. But assuming that she does not survive her husband, and that on her death she leaves children surviving her under the age of twenty-one years, the inquiry arises whether the limitation over to them is valid, and that depends upon the determination of the further question whether the absolute ownership would then vest in such children. If it would, there would be no unlawful suspension. Otherwise it is difficult to see how the provision made for them by the will can be supported. The will does not, in terms, give the fund to the children, but directs the executors, in the events mentioned, to pay it to them. The postponement of the time of payment of a gift is not important, that alone will not qualify the absolute character of the ownership. The vesting of it is suspended if some period in the future is annexed to the substance of the gift. In the present case the conditions upon which the right of the children to take the fund depend are to or may arise in the future, beyond the time of the death of the mother, and the contingency is uncertain. The children must reach the age of twenty-one years; and if they do not, the fact that the direction is that the fund go to Mr. Boerum and Mrs. Vanderveer, is not consistent with the vesting of the absolute ownership in the children on the death of their

mother. It is, therefore, clear that in the case supposed, and which may arise if Mrs. Bush should leave children her surviving, the observance of the direction of the will will operate to suspend the absolute ownership of the fund for some period of time after her death. (*Batsford* v. *Kebbell*, 3 Ves. 363; *Patterson* v. *Ellis*, 11 Wend. 259; *Warner* v. *Durant*, 76 N. Y. 133; *Delaney* v. *McCormack*, 88 id. 174, 183.)

Such suspension being for a time not dependent upon lives, and not more than two in being at the time of the death of the testatrix, renders the limitation over void unless it is saved by some provision of the statute. We find none in its support. While the suspension of the absolute power of alienation of real estate, may be extended beyond two lives limited, so as to embrace the period of minority of a child to whom the remainder is limited, and such suspension may be created by a contingent limitation of the fee (1 R. S. 723, §§ 15, 16; Id. 726, § 37), our attention is called to no statute qualifying in that or any manner, the effect of the provision before referred to, limiting the time of suspension of the absolute ownership of personal property. The consequence seems to be that the direction of the testatrix, by her will, to pay the fund to such children in the event mentioned, or on their failure to arrive at the age of majority to pay it to Mr. Boerum and Mrs. Vanderveer, was in contravention of the statute and void. (*Manice* v. *Manice*, 43 N. Y. 303.) It follows that if Mrs. Bush does not survive her husband, the testatrix will have died intestate as to that fund; or in case the power of sale is not exercised by sale of the land during her life, the intestacy may be applicable to it as real estate; and such property, either as land or personalty, will, unless given other direction in the meantime by those having contingent interest in it, go to the heirs or next of kin of the testatrix — those who were such at the time of the death of the testatrix — and not to those who will be such at the time the contingency occurs which produces the intestacy. (1 R. S. 751; 2 id. 96; *Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *In re Kane*, 2 id. 375.)

Such issue of Mrs. Bush, if she should leave any her

surviving, will, therefore, have no interest in this fund or property derived from the provisions of the will; and in the event she does not survive her husband, her interest is limited to a life estate, or to the income of the fund during her life. As a consequence, then and in that case, her brother and sister will be the only heirs and next of kin of the testatrix.

They have conveyed and transferred their unconditional and contingent interest in the property to her. By that conveyance Mrs. Bush acquired the entire beneficial interest in the property. This enabled her individually to convey it to the plaintiff. Her deed to the plaintiff had the effect to vest in him the title to the land. Since all the parties having any beneficial interest in it or its proceeds have thus joined in and made the conveyance, there remains no occasion for the exercise of the power of sale given by the will; and upon the principle that the beneficiaries in the equitable conversion of real property into personalty, may effectually elect to have a reconversion into realty and take it as land, rather than the proceeds of it, we think the exercise of such power of sale may be deemed dispensed with and defeated. (Story's Eq. Juris. § 793; *Hetzel* v. *Barber*, 69 N. Y. 1; *Prentice* v. *Janssen*, 79 id. 478; *Armstrong* v. *McKelvey*, 104 id. 179.)

In this case the beneficiaries are in a situation to do so, as the title of the property, treating it as land, was in those three, brother and two sisters, or some of them, and was nowhere else. There is, therefore, no intervening right of any other party to be prejudiced. The contingent and unconditional estates were united in Mrs. Bush by the conveyance to her. These views lead to the conclusion that the defendant has taken by the conveyance to him, the title which the plaintiff undertook to convey. But as the determination is made upon a ground not presented to or considered by the court below, the plaintiff should not have costs.

The order of the General Term should be reversed, and the judgment entered upon the decison of the trial court affirmed.

All concur.

Order reversed and judgment affirmed.