### *In re* LANGLOIS' ESTATE.

*(Surrogate's Court, New York County. January, 1890.)*

1. EXECUTORS—FINAL ACCOUNTING—VOUCHERS.

    On the final settlement of the accounts of a deceased executrix, her books, conceded to be correct by all parties, and admitted in evidence without objection, are sufficient proof of the expenditures entered therein to warrant their allowance by the surrogate, though no vouchers for such expenditures are produced, as required by Code Civil Proc. N. Y. § 2734.

2. SAME—RENTS—EQUITABLE CONVERSION OF REALTY.

    The executrix is accountable for the rents of realty which, by the terms of the will, has been equitably converted into personalty.

On judicial settlement of the accounts of the deceased executrix of the estate of Margaret Langlois.

*Miller, Peckham & Dixon,* for contestants. *Charles Fox,* for executors.

RANSOM, S. The referee has followed the direction given him in my memorandum of November 13, 1889, and has made his report, finding the account in all things correct except as to certain rents collected. Exception was filed

to this finding upon the ground that the evidence did not justify it. The question to be decided is of great concern to the accounting parties, and I have been constant in my efforts to find some precedent decision. I have not been successful, because, no doubt, just such a condition of things has never before been the subject of judicial inquiry. We have here the bald question of the power of the surrogate to approve the account of an executor, confessedly correct in every particular, so admitted in open court by oral statement of the attorney for the objector, when no vouchers are or can be produced for several items thereof. Reflection must satisfy all that the surrogate, in the nature of his office, may ascertain by evidence morally admissible where truth and justice lie, and decree accordingly. After the painstaking investigation by the referee into all the facts and circumstances affecting each item of credit claimed by the accounting parties, and the substantial compliance by them with the provisions of the statute, as construed in my former memorandum, he has concluded that the account is correct. Counsel for the objector is of the same opinion, and stated on the argument that he believed the account to be correct, and would be glad if the surrogate could find a way to approve it. On the proof taken by the referee, I think a *prima facie* case of the expenditures claimed by the representatives of the deceased executrix was made out. The deceased executrix was allowed to testify in her own behalf, without objection, (such being the effect of the admission of her books of account in evidence.) Whether these books were competent evidence need not be considered. Their introduction was not objected to, and therefore any objection that might have been interposed was waived. The language of Judge GRAY, in *Re Wagner's Estate*, 119 N. Y. 31, 23 N. E. Rep. 200, seems appropriate here. The decision of the question in that proceeding is in the teeth of the letter of the statute, but the learned judge's reasoning is admirably consistent with its spirit. He says: "The general jurisdiction conferred upon the surrogate's court in matters relating to the conduct of executors and administrators would seem meaningless, if not an absurdity, if it did not comprehend the right to decree intelligently, and upon equitable principles, and to order their conduct upon principles of justice and of reason." In the case at bar the objector places upon the record an objection to the allowance of certain expenditures of the executrix, because no vouchers are produced, and, in the next breath, admits that he is satisfied the account is correct, and indulges in the hope that the surrogate will find a way to sustain it. The purpose of the objection evidently is to cast upon the surrogate the responsibility of ascertaining the state of the law, and by his decision possibly inflict a great wrong upon the executrix. This anomalous position is taken by the objector under the mistaken notion that it may be held liable by a party interested in this estate, in whose behalf it appears, for failure to object. My own belief is that the admission on the argument by the attorney for the objector that the account is correct is a complete waiver of the objection. However, I do not place my decision on that ground. It may be that proof of the character required for a literal compliance with section 2734 has not been furnished, but the evidence admitted, and the practical acquiescence of the contestants in the correctness of the items, convinces me that justice demands their allowance. "Moral certainty is descriptive of the kind of certainty which is attainable by means of moral evidence, and it is that degree of assurance which induces a man of sound mind to act without doubt upon the conclusion to which it leads." Wills, Circ. Ev. If it were the law that where the surrogate has this belief he must, nevertheless, give judgment against his convictions for lack of technical proof, then, in the language of the learned judge in the *Wagner Case, supra,* "we must not only ignore the spirit for the letter of the statute, but we should have to regard that officer as exercising an authority not moved by his judgment, but may be mechanically set in motion, regardless of the rights of parties. I cannot assent to such a view, where the letter kills."

In the case of *Willcox* v. *Smith*, 26 Barb. 343, the learned judge, delivering the opinion of the court. after stating the stringent rules to which executors and administrators are held in establishing their accounts, and pronouncing them "eminently just," uses this significant language:   These rules "should not be departed from except in cases of the most urgent necessity, and in order to prevent absolute injustice."   I am satisfied that the learned referee was right, and I sustain his report.

· The provision of the will operated as an equitable conversion of the real estate, and the referee erred in ruling that the deceased executrix was not accountable for the rents of such realty.   *Lent* v. *Howard*, 89 N. Y. 169; *Greenland* v. *Waddell*, 116 N. Y. 234, 22 N. E. Rep. 367.