HURRELL v. HURRELL.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

1. EXECUTORS—PURCHASE OF DEVISED PREMISES—FIDUCIARY RELATIONS.

Where one of two executors, who was sole devisee, transferred the real estate received under the will to his coexecutor, such coexecutor was not a trustee, and was under no fiduciary obligations which prevented him from taking title, in the absence of fraud.

2. SAME—RES JUDICATA—ACTION TO SET ASIDE DEED.

Where a grantor of realty brought suit to set aside and cancel the deed, a judgment adjudging the deed to be valid was res judicata in a subsequent action by the devisee of the grantor to set aside the same deed on the same grounds.

Appeal from special term, Kings county.

Action by Ella L. Hurrell against Henry J. Hurrell, individually and as executor of the last will and testament of Lucy Hurrell, deceased. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry E. Wilke (F. D. Haines, on the brief), for appellant.
Robert H. Wilson, for respondent.

HIRSCHBERG, J.   The plaintiff's claim is stated in the complaint to be based upon the following facts:   On the 10th day of August, 1896, Lucy Hurrell died seised of certain real estate in Brooklyn.   She left a will, thereafter duly admitted to probate, whereby she devised the real estate to her husband, Henry Hurrell, absolutely.   Her husband and her son, Henry J. Hurrell, were named as executors, and invested with authority to sell the real estate either for the payment of debts, or whenever, in their judgment, the best interests of the estate may be deemed to require it.   The son first qualified.   Thereafter he persuaded the husband, without legal advice, to convey to him the fee of the real estate for a nominal consideration, reserving in himself only a life estate.   Shortly after this conveyance, the husband, in repudiation of it, qualified as executor, and as such conveyed the property to the plaintiff, the son refusing to join in such deed.   Subsequently the husband died, leaving a will in which, in further repudiation, he devised the real estate to the plaintiff and her husband; she acquiring from the latter his interest by deed before the commencement of this action.   The relief sought is a judgment declaring void the deed from the husband to the son.   The defendant is the son, and he is sued individually and as the executor of Lucy Hurrell.   It appeared upon the trial, without dispute, that after the conveyance by the husband to the son the former commenced an action against the latter in the supreme court to procure a judgment setting aside and canceling such deed upon the ground that it had been obtained by fraud, deceit, misrepresentation, and undue influence, and that a judgment was rendered in that action dismissing the complaint upon the merits, and adjudging that the deed in question was valid and effectual, and free from any

taint as alleged. This judgment was entered before the first conveyance to the plaintiff, and has never been annulled, reversed, or modified. Lucy Hurrell appears to have left personal estate and no debts. No occasion arose for the execution of the power of sale, and, by the conveyance as devisee, in the absence of fraud, deceit, misrepresentation, or undue influence, the husband transferred a good title in fee to the defendant individually, thereby defeating the power, and leaving nothing upon which it could operate. Hetzel v. Barber, 69 N. Y. 1; Garvey v. McDevitt, 72 N. Y. 556, 563; Prentice v. Janssen, 79 N. Y. 478; Greenland v. Waddell, 116 N. Y. 234, 246, 22 N. E. 367, 15 Am. St. Rep. 400; Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413, 24 Am. St. Rep. 468; Drake v. Paige, 127 N. Y. 562, 28 N. E. 407. The relation of the defendant as executor of the estate created no trust or fiduciary obligations which prohibited him from purchasing or acquiring title by fair means, and without prejudice to the rights or interests of the grantor or of creditors. But in any event the judgment validating the deed in the lifetime of the grantor is a binding adjudication against him and his heirs and devisees. It operates in favor of the defendant individually, and, although he has been joined as a defendant in his representative capacity, in the view taken it is manifest that no cause of action exists against him on the facts established in such capacity. The judgment in favor of the defendant should be affirmed.

Judgment affirmed, with costs. All concur; GOODRICH, P. J., in result.