In the Matter of the Last Will and Testament of DANIEL D. MOORE, Deceased.

Surrogate's Court, Albany County, May, 1923.

Wills — construction — trusts — suspension of power of alienation — when several trusts are so united that the illegality of one causes all to fall — practice — will valid in part — revocation of probate denied.

Where the estate of a testator consists solely of personal property the alienation thereof, under section 11 of the Personal Property Law, may be lawfully suspended only for two lives in being at the time of the testator's decease.

Where the trusts in a will are so connected as to constitute an entire scheme and the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected and manifest injustice would result to the beneficiaries from such a construction, all provisions of the trust must be considered together and if any are invalid all must fall.

The estate of a testator who left him surviving his widow, two sons and six infant grandchildren consisted solely of personal property. By his will, aside from

an absolute bequest to his wife, a trust was created in his estate during the lives of his sons and the minority of his youngest grandchild with direction to pay one-third of the income of the trust to his widow for life. In the event of the death of his widow before the termination of the trust to pay said income to a named granddaughter and if both she and the widow should die before the end of the trust term such income was to be added to the principal of the estate. One-third of the income was to be paid to each of testator's sons during his lifetime, then to be added to the principal of the estate. *Held,* that there was clear suspension of the power of alienation for a longer period than two lives in being at the time of testator's death and the attempted trust was void.

After a bequest of one-third of testator's entire estate to a named grandson to be paid to him absolutely at the termination of the trust, and excepting such bequest, the testator directed the division of the remainder of the estate into as many equal shares as he might have grandchildren living at the death of the survivor of his sons and further directed the executor to pay over to each of said grandchildren living at the death of the survivor of testator's sons one such share when the youngest grandchild living at the death of testator reached the age of twenty-one years, after the death of the survivor of testator's sons or at the time of the death of the survivor of them, " if my youngest grandchild living at the time of my death is then twenty-one years of age." *Held,* that the testator intended to provide that the grandson to whom was bequeathed one-third of the estate should not receive the same until the youngest grandchild was twenty-one years of age and both of testator's sons were dead; if said grandchild should die without issue before the time the testator intended he should receive it, then such share was to be added to the principal of the estate and distributed as above indicated.

The bequest to the named grandson and the direction following it are not separable from the other portions of the trust and are drawn with the period of the void trust uppermost in the mind of the testator.

The bequests to the grandchildren being contingent both as to time and as to the persons among whom division was to be made and not being separable from the rest of the invalid trust, no part of the intention of the testator would be carried out by sustaining said bequests.

The bequest to testator's widow of all his household furniture, furnishings and effects being valid and also the appointment of an executor, an application for the revocation of the probate of the will and of the letters testamentary will be denied with decree that as to all property otherwise attempted to be disposed of, the testator died intestate.

PROCEEDINGS on petition of Fannie J. Moore for construction of the last will and testament of Daniel D. Moore, deceased, and for revocation of probate and letters testamentary.

*John H. Gleason,* for petitioner.

*John N. Schilling,* for National Commercial Bank and Trust Company of Albany, executor.

*Stephen J. Daring,* special guardian.

LAWYER, S. The last will and testament of Daniel D. Moore was admitted to probate October 13, 1922, and letters testamentary

were issued thereon to the National Commercial Bank and Trust Company of Albany.

By his last will the testator attempts to dispose of both real and personal property, but it appears that at the time of his decease the testator had sold all real estate of which he was seized, so that the assets of the estate, amounting to the sum of $20,833.46, consisted only of personal property.

At the time of testator's death there were surviving his widow, Fannie J. Moore, the petitioner, two sons, Daniel D. Moore, Jr., and Ernest A. Moore, his only heirs at law and next of kin, and six grandchildren, as follows: Florence M. Moore, Marion Moore and Warren D. Moore, children of Daniel D. Moore, Jr., and Ernest A. Moore, Jr., Alfred Moore and Hazel Moore, children of Ernest A. Moore, all of whom are infants.

The execution of the will was in conformity to law. The testator, concededly, was of sound mind and free from restraint or undue influence.

By paragraph " first " of the will the testator bequeaths to his wife, Fannie J. Moore, all household furniture, furnishings and effects. The bequest is without condition and passed an immediate and vested estate.

The executor is appointed by paragraph " sixth."

Therefore, in respect to at least two of its provisions the said will is without criticism and is valid.

The petitioner, however, challenges the provisions contained in paragraphs " second," " third " and " fourth," upon the ground that there is attempted an illegal suspension of the power of alienation and that the trusts therein attempted to be set up are void and fall, leaving the deceased intestate as to all property referred to therein.

The estate consisting only of personal property, the alienation thereof could be suspended only for two lives in being at the time of testator's decease. Pers. Prop. Law, § 11; *Greenband* v. *Waddell*, 116 N. Y. 234, 245; *Matter of Wilcox*, 194 id. 288.

In the " second " paragraph of said will the testator has attempted to create a trust during the lives of his two sons and the minority of his youngest grandchild, which is equivalent to a third life.

The trust is for three purposes:

1. To pay to testator's wife one-third of the income during her life. In the event of her death before termination of the trust, to pay the income to Florence M. Moore, a granddaughter. If the wife and granddaughter should die before the end of the trust term, the income to be added to the principal of the estate.

Surrogate's Court, Albany County, May, 1923.          [Vol. 120

2. To pay one-third of the income to testator's son Daniel D. Moore, Jr., during his lifetime, then to be added to the principal of testator's estate.

3. To pay one-third of the income to Ernest A. Moore, a son, during his lifetime, then to be added to the principal of testator's estate.

It is apparent that the trust formulated clearly suspends the power of alienation for a longer period than two lives in being and, relating to personal property only, is void and of no effect.

Paragraph " third " is as follows:

" I give, devise and bequeath to my grandson, Ernest A. Moore, Jr., one-third of my estate, real and personal, to be paid over to the said Ernest A. Moore, Jr., by my said executor at the time of the termination of the trust herein provided, absolutely, in fee simple."

Is this provision interwoven with and dependent upon the void trusts? If it may be separated therefrom, it is valid; if not, it also must fall.

In the interpretation of the testator's intention as expressed in paragraph " third," the provisions of paragraph " fourth " must also be considered. The " fourth " paragraph is as follows:

" I direct my executor hereinafter named to divide the remaining two-thirds of my estate, real and personal, into as many equal shares or parts as I may have grandchildren living at the time of the death of the last surviving of my two sons, Daniel D. Moore, Jr., and Ernest A. Moore; and I direct my said executor to pay over to each of my said grandchildren living at the time of the death of the last surviving of my two sons, Daniel D. Moore, Jr., and Ernest A. Moore, one such share at the time when my youngest grandchild, living at the time of my death reaches the age of twenty-one years, after the death of the last surviving of my two sons, Daniel D. Moore, Jr., and Ernest A. Moore, or at the time of the death of said surviving son, if my youngest grandchild living at the time of my death is then twenty-one years of age; Excepting my grandson, Ernest A. Moore, Jr., who has been hereinabove provided for in Paragraph ' Third ' hereof."

The testator, therefore, provides that Ernest A. Moore, Jr., shall not receive the share bequeathed to him until the youngest grandchild is twenty-one years of age and both of testator's sons are dead; and, if the said grandchild shall die without issue before the time the testator intended he should receive the interest, then such share should be added to the principal and be distributed according to the provisions of paragraph " fourth."

It is manifest that the provisions of paragraphs " third " and

" fourth " are not separate from other portions of the trust and are drawn with the period of the void trust uppermost in the mind of the testator.

Where trusts in a will are so connected as to constitute an entire scheme and the presumed wishes of the testator would be defeated if one portion were retained and other portions rejected, and manifest injustice would result to the beneficiaries from such a construction, all of the provisions of the trust must be considered together and if any are invalid all must fall. *Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525.

The legacies to the grandchildren are not vested or separable from the rest of the invalid trust and by sustaining the legacies no part of the intention of the testator would be carried out.

If the legacies provided for the grandchildren were absolute and not contingent, they should be accelerated. But they are contingent, both as to time and as to the persons among whom division is to be made. *Matter of Silsby*, 229 N. Y. 396, 403, 404.

It cannot be maintained that the portion of the estate attempted to be disposed of by paragraph " fourth " vested in the five grandchildren living at the death of the testator, when other grandchildren may be living at the time of the death of the surviving son of the testator.

The evidence in these proceedings shows that the petitioner, Fannie J. Moore, labored jointly in business with her husband in accumulating the property of this estate. The relations of wife and children were intimate and congenial. There was no family discord.

The testator certainly could not be presumed to have intended that his widow might be deprived of any income whatever, or that his two sons might not receive an income which would assist them in rearing the grandchildren, or that the grandchild Florence M. Moore might not receive what he thought he was giving her in the event of the widow's death.

Every one of these possibilities would exist were the provisions of paragraphs " third " and " fourth " sustained.

The trust provisions cannot express the intention of the testator; for should the trust terminate within a month, six months, or a year, which is a possibility, the widow would be left without any income whatever for the remainder of her life.

If intestacy exists because of the invalidity of the trust provisions, no injustice will result. The widow will receive her distributive share and the remainder will be divided equally between the two sons, whose natural objects of bounty are the grandchildren.

Consideration of the provisions of paragraph " fifth " of the will

is unnecessary, for the reason that the testator died seized of no real property.

The provisions of paragraphs " first " and " sixth " being valid, the application for revocation of probate and of letters testamentary is denied and it may be decreed that Daniel D. Moore died intestate as to all property attempted to be disposed of by paragraphs numbered " second," " third " and " fourth " of said will.

Decreed accordingly.