In the Matter of the Application of ADRIAN H. LARKIN, ALBERT STICKNEY and CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustees under the Last Will and Testament of HENRY H. ROGERS, Deceased, for a Determination of the Rights and Interests in and to the Real and Personal Property Described as the North Sea Property in Article Tenth of Said Will and for Instructions in the Premises.

PAULINE V. ROGERS, Appellant; ADRIAN H. LARKIN, ALBERT STICKNEY and CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustees, etc., of HENRY H. ROGERS, Deceased, MARY MILLICENT BALCOM, Individually and as Co-General Guardian of PETER ALFRED CONSTANTIN MARIA SALM, an Infant, etc., JOHN CALDWELL MYERS, Co-General Guardian of PETER ALFRED CONSTANTIN MARIA SALM, an Infant, etc., and NATHAN O. PETTY, Special Guardian for ARTURO HENRY PERALTA RAMOS and PAUL JAIME PERALTA RAMOS, Infants, etc., Respondents.

Second Department, June 18, 1937.

*C. Alexander Capron* [*Ramsey Clayton* and *J. K. Taylor* with him on the brief], for the appellant.

*Thomas D. Thacher* [*John Caldwell Myers* and *H. Clinton Corwin* with him on the brief], for the respondents Millicent Rogers Balcom and John Caldwell Myers, as guardians of the property of Peter Alfred Salm, an infant.

*Hersey Egginton* [*Arthur W. Siegrist* with him on the brief], for the petitioners, respondents.

*Nathan O. Petty*, special guardian of Ramos infants, respondent.

TAYLOR, J. The trustees under the last will and testament of Henry H. Rogers, deceased, brought this proceeding in the Surrogate's Court of Suffolk county to have determined the rights, interests and claims of the respective parties in and to real and personal property described as the North Sea property in paragraph tenth of the will. The pertinent part of paragraph tenth reads:

" In case my wife Pauline survives me, I give, devise and bequeath *to my Trustees, in Trust, for my wife* Pauline, the real estate and premises, with the buildings and improvements thereof, situated in the Town of Southampton, County of Suffolk, State of New York, and generally known as the Port of Missing Men and Cow Neck property, * * * together with its contents, furniture, ornaments, plate, silver, china, linen and all household stores and equipment, except as herein specifically otherwise bequeathed, and together with all equipment, farm utensils and garage utensils, of every kind and nature whatsoever, all of which is collectively termed the North Sea property.

" I direct that the North Sea property *be held by my Trustees in trust* for my wife Pauline, during her life, with the right of my wife Pauline to use, occupy and enjoy the same. My wife Pauline shall, within a period of 180 days after the probate of my will and the qualification of one or more of my Executors thereunder, notify my Trustees in writing of her desire to occupy said property or such part thereof as she may designate in such written notification. Upon the death of my wife Pauline, or in case of her failure to give my Trustees the notification aforesaid, prior to the expiration of a period of 180 days after the probate of my will and the qualification of one or more of my Executors thereunder, whichever event shall first happen, *the trust hereby created* of the North Sea property for the benefit of my wife Pauline shall, without further

act on the part of my Executors and/or Trustees, terminate. Upon any such termination of the trust, I give, devise and bequeath said North Sea property to Peter, in case he shall then be alive.

" Anything herein contained to the contrary notwithstanding, in case my wife Pauline shall cease to occupy said North Sea property, or such part thereof as she shall have specified in the written notification to be given by her to my Trustees as hereinbefore provided, for a period of two years, or shall have notified my Trustees in writing that she no longer desires to use the same, or any part thereof, the trust of the North Sea property hereby created for her benefit shall, without further act by my Executors or Trustees, terminate, and thereupon I give, devise and bequeath said North Sea property to Peter, in case he shall survive."

Material to the determination is paragraph sixteenth of the will, the pertinent part of which reads: " In case *any trust hereby declared* in respect to any share or portion or subdivision or part of my property * * * shall be or shall be determined by decree of a Court having jurisdiction thereof to be invalid, I do hereby give, devise and bequeath the principal of the share, portion, subdivision or part in respect to which such trust shall be, or shall be determined to be invalid, to the person or persons for or during whose life the same was directed to be held in trust, and I direct my Trustees to transfer, assign and pay over the same to such persons accordingly without holding the same in trust."

Among other provisions, the decree adjudged (1) that the widow, Pauline V. Rogers, is entitled to the use, occupancy and enjoyment of the North Sea property; (2) that she gave adequate and timely notice of her desire to occupy the whole of said property; (3) that all taxes, insurance, repairs, and all other maintenance charges in respect to said property which were paid or which became due and payable during the period running from the testator's death to and including the date of the decree, be charged to and paid out of the general estate as administrative charges and expenses incident to the preservation of the property; (4) that, if at any time it should appear that, without resort to property specifically devised and bequeathed under the will, there are in the hands of the executors insufficient assets to pay all taxes, administrative expenses, debts, and other charges which shall be determined to be payable out of the estate of the decedent, nothing contained in the decree shall compromise the rights vested in the executors or trustees with respect to the whole or any part of the North Sea property; (5) that the executors pay to Nathan O. Petty, out of the principal of the estate now in their hands, $2,500 for his services as special guardian for certain infants.

The foregoing provisions are not attacked.

The appeal is from those parts of the decree which hold that Pauline V. Rogers is and shall be, from the date of the decree until the termination of her estate therein, chargeable with and responsible for the care and preservation of the North Sea property, and chargeable with and required to pay all taxes, insurance, repairs and maintenance charges accruing in respect to said property as and when they shall respectively become due and payable; that no further act of the executors or trustees is necessary to perfect the right of Pauline V. Rogers to the possession, use, occupancy and enjoyment of said property; that the trustees or their representatives shall make a detailed list or inventory of said North Sea property and file it, upon completion, with the clerk of the court; that upon the termination of the estate of Pauline V. Rogers in said property, it shall, without further act of the executors or trustees, become the property of Peter Alfred Constantin Maria Salm if he be then living, or, if he shall not be then living, it shall become the property of those entitled thereto as provided by paragraphs tenth and thirteenth of the will; that the executors or trustees shall have no further responsibility or duty with respect to said North Sea property.

There is also an appeal from an order denying a motion for a resettlement of the decree.

The provisions of paragraph tenth, properly construed, define the only rights of the appellant in the real and personal property known as North Sea. Thereby no valid (Real Prop. Law, § 96) or any trust was created or declared by the testator for the benefit of his widow, the appellant, who, upon the notice given by her to the trustees, received thereunder, subject to the provisions of that paragraph, and is vested legally with, only a life interest in that property. (Real Prop. Law, §§ 92, 93; *Denison* v. *Denison*, 185 N. Y. 438; *Murray* v. *Miller*, 178 id. 316; *Verdin* v. *Slocum*, 71 id. 345; *Matter of De Rycke*, 99 App. Div. [2d Dept.] 596; *Matter of Sweeney*, 155 Misc. 461; *Matter of Bell*, 141 id. 720.) As such life tenant, during the period of her occupancy, the appellant is and will be obligated, as between herself and the remainderman, Peter Salm, and as between herself and the respondents, trustees, to pay taxes, fire insurance premiums and necessary repairs upon the property. (*Matter of Albertson*, 113 N. Y. 434; *Peck* v. *Sherwood*, 56 id. 615; *Jacobs* v. *Steinbrink*, 164 App. Div. [2d Dept.] 715.) No reason is apparent in this case why this general rule should be relaxed. (*Vide Matter of Jackson*, 258 N. Y. 281, 288–291.) There is nothing in the will which expressly or by implication charges the expense of upkeep upon the residuary estate or upon the interest

of the remainderman in the property. The appellant's interest therein is a life estate (*Tobias* v. *Cohn*, 36 N. Y. 363) rather than a mere right of occupancy such as characterized *Carpenter* v. *Carpenter* (131 N. Y. 101) and kindred cases upon which the appellant relies. That the North Sea property, the subject of paragraph tenth of the will, is unaffected by paragraph sixteenth thereof is manifest from the wording of paragraph tenth, which in part reads: " *Anything herein contained to the contrary notwithstanding,* in case my wife Pauline shall cease to occupy said North Sea property, * * * I give, devise and bequeath said North Sea property to Peter, in case he shall survive."

The decree and the order denying resettlement, so far as an appeal is taken, should be affirmed, with costs, payable out of the estate, to all parties filing briefs.

HAGERTY and JOHNSTON, JJ., concur; LAZANSKY, P. J., and ADEL, J., dissent and vote for reversal, with memorandum.

LAZANSKY, P. J., and ADEL, J. (dissenting). We vote for reversal upon the ground that the trust provided for in paragraph tenth of the will is invalid, and, therefore, pursuant to paragraph sixteenth of the will, the widow took the property mentioned in paragraph tenth absolutely and without qualification.

Decree of the Surrogate's Court of Suffolk county and order denying motion for resettlement, in so far as an appeal is taken, affirmed, with costs, payable out of the estate, to all parties filing briefs.