In the Matter of the Petition of MARGARET GORHAM OLENA for the Appointment of a Successor Trustee under the Will of FRANK GORHAM, SR., Deceased, and for an Accounting by BERTHA S. GORHAM, as Executrix of FRANK GORHAM, JR., Deceased, Trustee, and for a Construction of the Trust Estates under the Said Will of FRANK GORHAM, SR., Deceased.

MARGARET GORHAM OLENA, Appellant; BERTHA S. GORHAM, Individually and as Executrix, etc., of FRANK GORHAM, JR., Deceased, Respondent.

Second Department, January 29, 1940.

*Richman & Cooper* [*Samuel D. Cooper* with them on the brief], for the appellant.

*Angeline Bennett* [*William Feinberg* with her on the brief], for the respondent.

HAGARTY, J. The testator, Frank Gorham, Sr., died on the 17th of March, 1918, leaving him surviving three sons, Frank Gorham, Jr., Walter Durbrow Gorham and George Arthur Gorham, and two grandchildren, Frank M. Gorham and Margaret Gorham Olena, children of the son George Arthur Gorham. Of these survivors of the testator the grandson, Frank M. Gorham, died on the 9th day of July, 1933, and the son, Frank Gorham, Jr., died on the 27th day of August, 1937, leaving no children him surviving. The appellant here is the granddaughter, Margaret Gorham Olena, and she claims as the sole presumptive owner of a one-half interest in the next eventual estate of the deceased son, Frank, Jr.

The testator, by his will, divided his estate into four equal parts, one of which he gave to each of his three sons and the fourth he divided into three parts, one part representing each son. These parts, being each one-twelfth of the estate, he gave to his executor to be held during the lives of his sons respectively, in trust " for the benefit of any child or children there may be " of each of said sons " surviving his death." No disposition was made of the income of the trust funds during the lives of those measuring the estates. As to each of such shares the will further provided that

" in the event of any one or more of said sons [dying] not leaving children surviving him, to be forthwith added to and become proportionately a part of the share or shares, as the case may be, held in trust for the children of the other sons."

The learned surrogate, in this accounting proceeding involving a construction of the will, held that the provisions of these trusts violated the statutes against perpetuities because of the cross-remainders, and determined that the attempted testamentary provision was wholly void and that as to this one-fourth of the residuary estate the testator died intestate and directed distribution of the estate accordingly.

I am in agreement with the conclusion reached by the surrogate that the provision in the will contemplating the vesting of the three remainders in the child or children of the survivor of the three sons illegally suspends absolute ownership (Pers. Prop. Law, § 11) and is void, but it may be excised without impairing the efficacy of the primary trusts. The testator himself deemed them to be separate, and as to each he provided for an " advance " necessary for the education of the child or children who were the beneficiaries. This advance was made in the case of the grandson Frank, who has since died. The fundamental object of the testator is preserved by excision of the offending portion and there is no reason or necessity for holding that all three trusts in their entirety are void. (*Oliver* v. *Wells*, 254 N. Y. 451; *Matter of Lyons*, 271 id. 204.) Under this theory the corpus of the trust measured by the life of the son Frank, Jr., together with the accumulations, must pass as intestate property.

The contention that the secondary trusts may be upheld to the extent of one cross-remainder may not be sustained. An attempt to rewrite the will in that respect, in the light of the provision for education of the children and the numerous contingencies which might present themselves, involving survivals of grandchildren, born and unborn, of their respective fathers and uncles, would be incomplete and of doubtful validity, and it may not be said that such rewriting would be in accord with testator's intention.

The will is silent with respect to accumulations of income. When a child is born to one of the named sons he or she is a person presumptively entitled to the next eventual estate with respect to the trust measured by the life of his or her father, and so thenceforth is entitled to accumulations of income of the corpus of that trust. (Real Prop. Law, § 63.) In the meantime, however, such accumulations must also pass as intestate property.

The decree of the Surrogate's Court of Westchester county construing the will and directing distribution of assets in accordance

with such construction, in so far as appealed from, should be reversed on the law, with costs to all parties filing briefs, payable out of the estate of Frank Gorham, Sr., deceased, and the matter remitted to the Surrogate's Court for the making of a new decree in accordance with the foregoing views.

JOHNSTON and CLOSE, JJ., concur; LAZANSKY, P. J., dissents, with memorandum; TAYLOR, J., dissents and votes to affirm the decree, with memorandum.

LAZANSKY, P. J. (dissenting). The provisions of paragraph " Third," subdivision IV, are somewhat obscure, but " the court struggles to preserve, and surrenders to nothing short of obvious compulsion." (*Matter of Gallien,* 247 N. Y. 195, 200.) Although the word " trust " is used, there is mention neither of the receipt nor of the application of income. There is a passive trust. (*Verdin v. Slocum,* 71 N. Y. 345; *Monypeny* v. *Monypeny,* 202 id. 90; *Matter of Rogers,* 251 App. Div. 478.) No estate vests in the trustee. (Real Prop. Law, § 93.) Petitioner is presumptively entitled to the next eventual estate, and, therefore, presently to the income (Real Prop. Law, § 63), unless the provisions of paragraph " Third," subdivision IV, are entirely invalid. An analysis of all possible contingencies demonstrates that under no circumstances will there be a suspension of the power of alienation for more than two lives in being at the death of the testator, except as to one-sixth of the one-quarter share mentioned in the paragraph and subdivision under consideration. This would be one-half of the share held for the children of the son first dying, as to which there is a failure of valid disposition and which passes as intestate property. (*Purdy v. Hayt,* 92 N. Y. 446; *Matter of Drake,* 153 Misc. 691; affd., 246 App. Div. 758.) In this way the entire estate, except one-twenty-fourth thereof, would be distributed as the testator wished. This may be done without avoiding or doing violence to the intent of the testator. (*Purdy* v. *Hayt, supra; Matter of Drake, supra.*) The petitioner is presently entitled to the income. As petitioner's father may possibly have other children and she may die before her father or uncle Walter, and her uncle Walter may possibly have children, it is unnecessary to make any further determination at this time.

TAYLOR, J. (dissenting). I dissent and vote to affirm the surrogate's determination. I am of opinion that subdivision IV of paragraph " Third " of the will under construction is void as violating the statutes against perpetuities, and, therefore, that the one-fourth share of the residuum, the subject of attempted disposition therein, passed as intestate property. Appellant concedes that as to the

one-twenty-fourth of the residuum, *i. e.*, one-sixth of the one-fourth mentioned in subdivision IV, the same is void. I think that the invalid suspension of the power of alienation for three lives in being at the time of the testator's death permeates the entire attempted disposition in subdivision IV, rendering the latter wholly void.

I am further of opinion that the excision of a clause of the will, as suggested in the determination of the majority, will defeat the testator's express testamentary wishes and is, therefore, improper. (*Matter of Moore*, 120 Misc. 825, 829; *Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525, 536, 537.)

Decree of the Surrogate's Court of Westchester county, construing the will of the testator and directing distribution of assets in accordance with such construction, in so far as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the estate of Frank Gorham, Sr., deceased, and matter remitted to the Surrogate's Court for the making of a new decree in accordance with the opinion herein.