JENKS, P. J., CARR and STAPLETON, JJ., concurred; PUTNAM, J., not voting.

Judgment modified in accordance with opinion, and as so modified affirmed, without costs. Order to be settled before Mr. Justice THOMAS.

---

BEATRICE FINKELSTEIN, Appellant, *v.* NATHAN FINKELSTEIN, Respondent.

First Department, November 3, 1916.

**Husband and wife — separation — evidence — duty of husband to support wife and children.**

In an action for separation on the ground of cruelty, abandonment and failure to support, the answer denied the material allegations of the complaint and set up as a counterclaim an abandonment on the part of the plaintiff for which a separation was asked. It was undisputed

that the defendant had abandoned the plaintiff without any means of support and that the plaintiff had left the husband and refused to return to him.

*Held*, on all the evidence, that a judgment dismissing both the complaint and the counterclaim should be reversed and a new trial granted.

*It seems*, that a husband should not be relieved from his obligation to support his wife and children by the fact she was to blame for their separation.

PAGE, J., dissented.

APPEAL by the plaintiff, Beatrice Finkelstein, from so much of a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 3d day of April, 1916, as dismisses her complaint herein upon the decision of the court after a trial at the New York Special Term.

*Leo R. Brilles,* for the appellant.

*Henry W. Unger,* for the respondent.

McLAUGHLIN, J.:

Action for a separation on the ground of cruelty, abandonment and failure to support. The answer denied the material allegations of the complaint and set up as a counterclaim an abandonment on the part of the plaintiff, for which a separation was asked. At the conclusion of the trial the learned trial justice dismissed the complaint and counterclaim. Judgment to this effect was entered upon a decision, from which plaintiff appeals.

The parties were married on the 25th of May, 1913, each then being about twenty-three years of age. Prior to the marriage the plaintiff lived in Baltimore, Md., and the defendant in the city of New York. Following the marriage the parties rented an apartment in the city of New York, where they lived until the alleged abandonment took place. There is one issue of the marriage, a son, who, at the time of the trial, which took place on January 12, 1916, was twenty-two months old. Within a short time unpleasant relations arose between the parties, and continued with more or less frequency until

they ceased to live together.   The plaintiff claimed, at the time of these disagreements, or some of them, the defendant struck, choked, pinched, scratched and publicly abused and cursed her. The defendant, admitting the disagreements and unpleasant relations, denied such accusations, but did admit that at one time he put his hands upon her to prevent her doing what she wanted to.

It would serve no useful purpose to set out at length what each of the parties claimed as to those disagreements.   It is sufficient to say with reference to them they were of such a nature as to destroy all possibility of the existence of the relation which ought to exist between husband and wife.

These differences finally culminated, on the 23d of December, 1914, in defendant's leaving his wife and infant son, then only a few months old, and going to Lakewood, N. J., as he said, for a week's vacation — she saying that at the time he left he said: " I am going away now, and I have sold the furniture, and you can go and do what you want with the baby.   *   *   * You will never hear from me or never know where I am."   It matters not which version be taken as true, the fact is undisputed that he left his wife and infant son alone in the apartment without, so far as he was concerned, any means of support.   It is true he testified that on the evening he reached Lakewood he mailed her a check for fifteen dollars, which she denied having received, and the uncontradicted evidence is that such check was never cashed.   Subsequently, he sent her a check for ten dollars — the envelope inclosing it being mailed in the city of New York.   This check she received and used.   After remaining in the apartment several days, and, according to her testimony, not knowing where he was, she placed the furniture, which was purchased largely with money given her by her relatives as wedding presents, in a warehouse and returned to her mother's home in Baltimore.   From that time down to the commencement of this action, May, 1915, he contributed nothing towards her support or the support of their child. After she commenced the action, having obtained an award of alimony, he fled from the jurisdiction of the court and only complied with the provisions of the order directing him to make such payment after proceedings had been taken to punish

him for contempt, and then only to the extent of one hundred and thirty dollars.

Once one has entered into the matrimonial relation there is, under the laws of this State, an obligation resting upon the husband to support his wife and the issue of the marriage, and it ill becomes the husband who fails to do that to say he has discharged his obligation because his wife was as much or more to blame for the unhappy relations which caused their separation.

The plaintiff was corroborated in her testimony as to the defendant's abuse, at least in part, by her two sisters and her brother-in-law, and as to injuries inflicted upon her, by a physician whom she consulted. The defendant's testimony stands substantially uncorroborated. Not only this, but he admits that at one time he did grasp "her left arm and right wrist" and pulled down the curtains, as she claimed, in the room where they were having one of their disagreements.

If the testimony of the plaintiff were credible, as the trial court seemed to think it was, at least in some degree, then she was entitled to a decree permitting her to live separate and apart from her husband. If it were not credible, then upon her own testimony the defendant was entitled to a decree in his favor. There was no middle ground. The plaintiff testified she left the place where they were living, placed the furniture in the warehouse, and refused to return to him. This fact was undisputed and if she were at fault, the defendant having asked her to return and live with him, and she having refused, he was entitled to a separation. But one cannot read this record and especially the testimony of the defendant, and fail, as I believe, to discover that he did not treat his wife as a husband should. There is no justification — giving to his own testimony all that can fairly be inferred from it — for his treating her as he did, and especially in leaving her for several days without means of support, and then for several months contributing at most only twenty-five dollars. Not only this, but his treatment of her would seem to indicate a purpose on his part to force her into a position of living separate and apart from him with a view of a separation being ultimately obtained, and if such separation were obtained, to avoid the

payment of, alimony.   He admits that he kept a diary of their quarrels, of what she said and did, but was careful not to indicate in any way what he himself said and did.

I am unable to reach a conclusion other than that this judgment is wrong, and for that reason it should be reversed and a new trial ordered, with costs to the appellant.

Findings.of fact contrary to this result are also reversed.

CLARKE, P. J., LAUGHLIN and DOWLING, JJ., concurred; PAGE, J., dissented.

Judgment reversed, new trial ordered, costs to appellant. Order to be settled on notice.