ANTONETTA POMPILIO, Plaintiff, *v.* LUIGI POMPILIO, Defendant.

Supreme Court, Schenectady County, March 25, 1927.

**Husband and wife — separation on ground of abandonment — defendant's conduct constituted abandonment — alimony — plaintiff entitled to award of five dollars per week.**

Plaintiff is entitled to judgment in this action for separation on the ground of abandonment, since it appears that defendant's frequent absences from his home, his failure to contribute to the support of his wife during those periods except under pressure of a court mandate, and his refusal to return to his wife when brought by her into police court, warrants a finding that on the occasion of his last leave-taking, defendant intended to absent himself permanently.

In view of the fact that the defendant earns but thirty dollars weekly, out of which he is forced to pay ten dollars per week to a former wife, who divorced him, and in view of the fact that she has two children of a former marriage who are wage-earners, and that she also has a dower interest in the premises where she resides, an award of only five dollars per week to plaintiff will be made.

ACTION for separation.

*Samuel Levy,* for the plaintiff.

*McMullen & Ward,* for the defendant.

GOLDSMITH, J. This is an action for separation on the ground of abandonment. The answer is a general denial with a counterclaim

for separation on the ground of cruelty, but the counterclaim was withdrawn by the defendant at the end of the proof. The sole question for determination is whether or not the acts and conduct of the defendant constitute an abandonment within the meaning of the law.

The term " abandonment " in a matrimonial action contemplates the voluntary separation of one party from another without justification, with the intention of not returning. (*Williams* v. *Williams,* 130 N. Y. 193.) The intent is to be determined as of the time of the departure. (*Simon* v. *Simon,* 6 App. Div. 469.)

The parties were married about five years ago. The plaintiff was a widow with four children, respectively fifteen, twelve, eight and seven years of age. The defendant had been previously married and divorced by his wife. A girl and a boy were the issue of this marriage and the custody of the girl was given to the mother with a weekly allowance of ten dollars for the support of herself and daughter. The boy remained with his father and at the time of the second marriage was nine years of age.

The plaintiff's former husband died intestate, being the owner of a three-story combination store and flat building situated in the city of Schenectady, N. Y. The plaintiff and her four children occupied the flat on the second floor and rented the balance of the building. These children, upon their father's death, became the owners of this property, subject to two mortgages and to the widow's dower interest. The premises are now assessed at $11,000 and the principal sum remaining unpaid on the two mortgages is $3,600. The plaintiff's dower interest has never been admeasured. The income from the premises has been used to pay the taxes, insurance, interest, repairs and $100 every six months on the principal of the mortgage, and is about sufficient to meet these charges.

After the defendant's marriage to the plaintiff he came, with his nine-year-old boy, to live with the plaintiff and her four children in their flat and he continued to make his home there, except during such times as he absented himself on various occasions, until the date of the abandonment alleged in the complaint.

The evidence amply justifies the conclusion that the defendant left the plaintiff with the intention of permanently separating from her for the purpose of being relieved of her support. It would serve no useful purpose to review the testimony in detail. There is some conflict in the proof. There is also some obscurity in the evidence, which may be attributed to the fact that both parties are of foreign birth and their testimony had to be received through interpreters. Further, there is evidence of conduct that was not

indicative of the sobriety and honesty of the husband or the fairness and honesty of the wife.

However, the conspicuous and controlling feature of the action is the apparent determination of the defendant to avoid his obligation to support his wife whenever conditions at home were not to his liking. The parties had many differences during their married life over financial matters. Whenever there was trouble of this character at home and defendant chose to absent himself from his family, he invariably neglected to provide for his wife and resisted any effort to compel him to make provision for her. Upon one occasion, during the year 1926, when he was away from home, the county judge ordered him to pay ten dollars a week to his wife for her support.

The defendant explained that he left home the last time because his wife ordered him out of the house. This excuse is hardly compatible with his previous conduct in this respect. Plaintiff denied that she ordered him out of the house and her oldest daughter testified that about this time, while plaintiff was sick in bed, the defendant came home drunk and fell through the cellar door and it was with great difficulty that he was removed from the house. The defendant also sought to show that he was afraid of his wife and left her through fear, but the evidence falls short of proving this contention.

If, as the defendant insists in his brief, there was no serious trouble, only temperamental differences between him and the plaintiff, then there was all the less reason for the defendant leaving his home and refusing to support his wife. Under the laws of this State the marriage contract imposes an obligation upon the husband to support his wife. (*Finkelstein* v. *Finkelstein*, 174 App. Div. 416.)

The frequent absences of the defendant from his home, his failure to contribute to the support of his wife during these periods except under pressure of a court mandate, the circumstances connected with his final leave-taking and his refusal to return to his wife when brought by her into Police Court, suggest that the defendant on the last occasion intended to absent himself permanently from his wife.

Even after this action was commenced it was necessary for the plaintiff to apply to this court for alimony *pendente lite* for her support and this was granted in the sum of seven dollars weekly.

On the witness stand defendant stated that he would live with his wife and support her provided she would leave her children and come to live with him in another place. He testified that he did not get on well with her oldest son, now twenty years of age, but

did not speak of having any trouble with any of the other children. This offer can hardly be said to have been made in good faith. Defendant was well aware of the obligations that he assumed when he married a widow with four children and he has not the right to expect that she will separate from her children, two of whom are respectively only twelve and thirteen years of age.

The plaintiff in her complaint requested the return of her husband; she afterward brought him into Police Court and made the same request; at the opening of the trial she sought and received permission to amend her complaint by striking out the paragraph containing her offer to continue the marriage relation with her husband and she testified that she no longer desired to live with him. Under the circumstances of the case she was justified in her decision.

Defendant's testimony that he gave large sums of money to the plaintiff is denied by her, is uncorroborated and, in view of the many differences of the parties over financial matters, seems incredible. Likewise, his testimony as to his weekly expenses appears to be exaggerated. Defendant earns thirty dollars per week. He claims that he is paying his mother ten dollars per week for the support of his fourteen-year-old son. If he is paying such an amount he is paying too much, considering the style of living which the court has a right to presume from the circumstances of the parties prevails in his mother's household. He referred to a payment of six dollars per week that he is required to make, but this is an installment upon bonds which he has purchased and cannot be taken into consideration in connection with his ability to provide adequate support for his wife. He is required to pay ten dollars per week to the wife who divorced him for the support of herself and his daughter. After the payment of alimony to his first wife, he has twenty dollars per week left. He can well afford to pay five dollars per week to the plaintiff. This will leave defendant fifteen dollars per week for the support of himself and son. The award of alimony to the plaintiff is small because she has a home with her children of the former marriage, two of whom are wage earners, and she has a dower interest in the premises where she is living.

The plaintiff is entitled to a judgment of separation from the defendant upon the ground of abandonment and alimony in the sum of five dollars per week for her support, together with the taxable costs and disbursements of this action. Let findings and decree be prepared accordingly.