In the Matter of the Estate of GEORGE A. DRAKE, Deceased.

Surrogate's Court, Kings County, December 11, 1934.

*O. Grant Esterbrook*, for Annie M. Burk.

*John D. Lyons*, for the Monticello Cemetery Association, formerly Rock Ridge Cemetery.

*C. E. Sutherland*, for Alfred W. Drake and another.

*Richard J. Maloney*, special guardian for Edna Winslow Drake and others.

WINGATE, S. The question of testamentary interpretation here propounded relates to the validity under section 42 of the Real Property Law of a direction by the testator relating to the residue of the estate, to " invest and reinvest the same * * * and * * * to divide the income into three equal parts and to pay said income quarter-yearly to Annie M. Burk * * * to Alfred Winslow Drake * * * and to Chester Alwyn Drake * . * * as long as each shall live. As each of the above-named persons die, I direct that the income of my estate shall be divided among and be paid to the survivor until the last one shall die. Upon the death of all the above persons, I give, devise and bequeath to Edna Winslow Drake, * * * if she be living the entire principal of my estate * * *; but if she be then dead, I give * * * the same to the sons, then living of * * ' * Arthur W. Drake."

It is contended that this is a single trust of the entire residue limited upon three lives and, therefore, wholly bad, resulting in complete intestacy of the residue.

The modern tendency of the courts is to sustain so much of a trust as may be compatible with the particular intention of the testator and with his general testamentary plan, and to hold only such portions invalid as necessarily infringe the terms of the statute. (*Matter of Burling*, 148 Misc. 835, 844, and authorities there cited.) If there is a mode by which the testamentary directions may lawfully be effected and another method which would result in invalidity, the former will be deemed to have been intended in the absence of direct contrary expression or inescapable inference. (*Matter of Howells*, 145 Misc. 557, 559; *Matter of Bell*, 141 id. 720, 721, 722; *Matter of Storey*, 134 id. 791, 796.)

It is patent from the testamentary directions hereinbefore quoted, that testator's dominant wish was that each of the three individuals

first named should receive the income for life from one-third of his residuary estate and this purpose may be effectuated without infringement of the terms of the statute by a determination that he beneficially dedicated one-third of the corpus to each for life, the entirety being retained *in solido* merely for convenience of investment during this period. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48, 61; *Matter of Buttner*, 243 id. 1, 4.) Upon the death of the first to die, the principal of his share is to be divided into two equal parts, and the income from one of them paid to each of the survivors. Upon the death of the second survivor, the income from his primary share would be payable to the last survivor, who during his life would be entitled also to the income of his own primary share and to the income on the half of the share which had been set aside for him on the death of the first to die. The second half of the share of the person who had first died and which had been enjoyed by the one second to die could not longer be the subject of restraint since on the death of the second to die, its beneficial use would already have been enjoyed by two persons. In respect to it, and it alone, the directions of the testator contravene the limitation imposed by the statute. It can accordingly not be held for the benefit of the final survivor but must vest in absolute possession.

The testator has provided for a remainder gift. The question whether such remainder may be accelerated depends upon " whether or not testator desired that certain specified individuals should under every conceivable circumstance receive the remainder. If this question can be answered in the affirmative, such remainder, following an invalid trust provision, will be accelerated, otherwise it will not." (*Matter of Terwilligar*, 135 Misc. 170, 184; affd. on opinion of this court, 230 App. Div. 763.) (See, also, *Matter of Mann*, 138 Misc. 42, 46.) Under the directions of the present will this affirmative answer cannot be made, since the remainder is payable to Edna Winslow Drake if she be living on the death of the longest lived of the three primary life tenants, or in default thereof to the children of Arthur Drake who obviously form a class.

There is, therefore, a failure of valid disposition of one-half of the principal of the trust dedicated to the use of the first of the three life tenants to die, and since this failure is found in the residuary clause of the will, the ultimate possessory right to this moiety passes in intestacy. (*Matter of Weil*, 151 Misc. 841, 848, and authorities there cited.) To this extent the will must be invalidated. In all other respects it will be sustained.

Enter decree on notice accordingly.