In the Matter of the Estate of JULIA B. MOORES, Deceased.

Surrogate's Court, Kings County, May 14, 1935.

*George E. Miner*, for the petitioner.

*George A. Arkwright*, for Ruby A. Raymond and another.

*Connolly & Frey*, for the successor executor, trustee.

*Samuel P. Frank* [*Paul Moskowitz* of counsel], for Flora Smith.

*Edward J. McDonald*, for Roberta M. Lorey.

*Paul G. Gravenhorst* [*Jay F. Tiffany* of counsel], special guardian.

*Conrad Saxe Keyes*, special guardian.

WINGATE, S. The items of this will concerning which questions of interpretation are raised, constitute the disposition of the residue of testatrix's estate, and read as follows:

" *Thirteenth*. All the rest and residue of my property of every kind and description I give, devise and bequeath to my executors hereinafter named in trust nevertheless to sell and dispose of the same at public or private sale and upon such terms and at such prices as shall seem to them just and proper and in case of my real estate to give good and sufficient deeds therefor and I direct that the proceeds of such sale or sales after paying the expenses of the settlement of my estate and the inheritance tax be invested in guaranteed first mortgages upon property within the City of New York and the income therefrom be divided into two parts;

" One part I direct shall be paid quarterly to Annie E. and Mildred G. Moores, sisters of my late husband or the survivor of them so long as each shall live and the remaining part I direct shall be paid quarterly directly to said Zeda Roberta Wickett so long as she shall live.

" Upon the death of both of my said sisters in law I direct that the income to be paid to them shall be paid quarterly to said Zeda Roberta Wickett directly during her life time.

" *Fourteenth*. Should said Zeda Roberta Wickett survive both my sisters in law then I direct upon her death the principal of my estate of which she has the income for life shall be paid to the issue of her marriage living at the time of her death share and share alike.

" *Fifteenth*. Should said Zeda Roberta Wickett die prior to or after my sisters in law leaving no issue then I direct the principal of my estate with any accumulation of income shall be divided between my nephew Milton Wickett and the children then living of my nephew Harold G. Wickett or to the survivor of them."

The testatrix was survived by her sisters-in-law, Annie E. and Mildred G. Moores, and also by Zeda Roberta Wickett. The former

have both died, and the primary question of present importance concerns the use to be made of that portion of the principal from which they received the income up to the time of their decease.

As is quite customary in cases of this type, the contentions of the several litigants range the entire gamut from complete invalidity of the composite direction, to total validity. In the opinion of the court, neither of these extremes is capable of effectuation.

The first question for determination is as to whether the testamentary intent envisaged a single trust, the income of which was to be shared by both her sisters-in-law and by Zeda Wickett, or whether two trusts, each of one-half of the total residue of the estate was contemplated. Of course if the former construction were imperative, the total direction would be void as measured by three lives in being at testatrix's death. (*Matter of Terwilligar,* 135 Misc. 170, 175; *Matter of Burling,* 148 id. 835, 843, 844; *Matter of Perelman,* 148 id. 906, 908.)

It is primary that, if either of two interpretations are possible of adoption, one of which spells invalidity, while the other would result in sustaining the will either in whole or in part, the courts will favor the latter. (*Matter of Trevor,* 239 N. Y. 6, 16; *Matter of Drake,* 153 Misc. 691, 692; *Matter of Bell,* 141 id. 720, 721; *Matter of Howells,* 145 id. 557, 559; *Matter of Storey,* 134 id. 791, 796.)

Under the present language, such an alternative is presented, and the interpretation will, therefore, be adopted that the testatrix intended the total residue to be divided into two parts, one for the trust of which her sisters-in-law were the primary life tenants, and the other in which Zeda Wickett received that benefit, with the two portions kept together for convenience of investment only. (*Matter of Colegrove,* 221 N. Y. 455, 459; *Leach* v. *Godwin,* 198 id. 35, 41; *Vanderpoel* v. *Loew,* 112 id. 167, 179; *Matter of Drake,* 153 Misc. 691, 692, 693; *Matter of Von Deilen,* 154 id. 877, 883.)

Examining, now, the trust of which testatrix's sisters-in-law were the primary life tenants, it is found that the income is to be paid to them " or the survivor of them as long as each shall live " and " upon the death of both of my sisters in law, I direct that the income to be paid to them shall be paid * * * to * * * Zeda Roberta Wickett."

One of the parties presents an extended and ingenious argument to the effect that the direction respecting survivorship should be interpreted as survivorship of the testatrix and that since both survived her, this fund is to be redivided into two parts and separate trusts of quarters of the entire corpus erected for each. It is, of course, true that words of survivorship will in many cases be held to refer to survivorship of the testator (*Matter of Woodruff,* 135 Misc.

203, 207; *Matter of Duffy*, 143 id. 421, 422; *Matter of Guenard*, 149 id. 182, 183), but this construction is to be adopted only where no contrary intention is apparent from the terms of the will. Here such different desire is patent from the direction that Zeda Wickett is to receive the income of this trust only " upon the death of both * * * sisters-in-law." It is, therefore, obvious from the language employed that testatrix intended the income to be payable to the sisters-in-law in equal parts so long as both lived, and to their survivor on the death of either. Only on the death of both was it to be enjoyed by Zeda Wickett.

It is, therefore, apparent that testatrix contemplated a suspension of alienation of this portion of her estate for three lives in being, which infringes the provisions of section 42 of the Real Property Law.

In accordance with the modern tendency to salvage so much of a will as possible, the trust for the first two lives will be validated and only that for the third life deleted. (*Matter of Durand*, 250 N. Y. 45, 53; *Matter of Drake*, 153 Misc. 691, 692; *Matter of Lyons*, 154 id. 368, 370; *Matter of Milhau*, 151 id. 283, 288.)

Since both sisters-in-law have now died, the remainder of this trust must vest in possession. The question of whether it may be accelerated depends upon whether persons are capable of ascertainment from the terms of the document, who would be entitled to take in every event. Here that is unascertainable. The devolution following the void tertiary life estate to Zeda Wickett was wholly contingent, depending on whether or not she left issue her surviving. For this reason no acceleration is possible. (*Matter of Terwilligar*, 135 Misc. 170, 184, 185; *Matter of Kramer*, 153 id. 606, 608; *Matter of Burling*, 148 id. 835, 844; *Matter of Wickham*, 139 id. 729, 731; *Matter of Mann*, 138 id. 42, 46.)

It follows that there is no valid disposition of the remainder of this trust; consequently, since the gift is in the residuary clause of the will, it must pass as intestate property. (*Matter of McCafferty*, 142 Misc. 371, 381; affd., 236 App. Div. 678; *Matter of Hartfield*, 139 Misc. 214, 218; *Matter of Smallman*, 141 id. 796, 799; *Matter of Weil*, 151 id. 841, 848.)

The second trust of which Zeda Wickett is the life tenant is wholly valid. It is measured only by her life. Upon her death, the principal is payable to her issue, if any, and if none, in equal shares to Milton Wickett and the children of Harold G. Wickett who may be living when the time for such distribution arrives.

The composite direction is, therefore, valid except that one-half of the corpus of the residuary estate is presently distributable as intestate property.

Enter decree on notice.