In the Matter of the Estate of Sophia C. Sandgren, Deceased.

Surrogate's Court, Kings County, October 17, 1936.

*Herbert McKennis*, for the petitioner, Harry G. Sandgren, as general guardian of Dorothy Edna Sandgren, infant legatee.

*Watson, Kristeller & Swift*, for Edward A. Sandgren, as executor, and Lillian C. Bolen, individually and as executrix, respondents.

WINGATE, S. The basic question in this proceeding concerns the interpretation of the will of the grandmother of the infant whose guardian herein applies for the payment to him of certain sums for her care and support.

The disputed item reads:

" *Fourth*. I give and bequeath to my daughter, Lillian C. Bolen, the sum of One thousand ($1,000.00) Dollars; said sum to be used by her in the support, maintenance and education of my granddaughter, Dorothy Edna Sandgren, the daughter of my son, Harry G. Sandgren, in such amounts as she may deem necessary in her discretion so long as my said granddaughter shall remain in her household, and if any sum remains of the said bequest at the time my grand-daughter becomes twenty-one years of age, my said daughter may pay the same to my said granddaughter."

Whereas the answer of the respondent avers the belief that this gift was an absolute bequest to her, she readily admitted on the hearing that this was coupled with a trust for expenditure on behalf of the infant. In the opinion of the court no other intent is reasonably attributable to the testatrix on the language of the item as a whole. It must accordingly be held that the legacy vested in the infant on the death of the testatrix, with the absolute right to demand payment alone postponed until her attainment of her majority. (*Warner* v. *Durant*, 76 N. Y. 133, 136; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 580, 581; *Matter of Gurlitz*, 134 Misc. 160, 163; *Matter of Innerfield*, 153 id. 706, 709, 710.)

The next question of interpretation concerns the existence and extent of the discretion reposed in Mrs. Bolen respecting expenditures on behalf of the infant. In this connection, it has been demonstrated that at the date of the will and for a considerable period prior thereto, the infant had resided with the testatrix, but that immediately succeeding her death, the father of the infant, who was the son of the testatrix, had retaken the infant to his own home, where she now resides.

The direction of the will respecting payments is that they shall be made by the trustee " in such amounts as she may deem necessary in her discretion so long as my said granddaughter shall remain in her household." The position is advanced on behalf of the trustee that it was the intention of the testatrix to impose as a condition on the right of the infant to receive any payments whatsoever, that she should continue to remain in the household of the trustee. If such be the necessary effect of the direction, the impled condition is obviously void as contrary to public policy, since it would tend to promote and perpetuate the breach of a parental duty. (*Matter of Forte*, 149 Misc. 327, 331, 333 and authorities there reviewed.)

It is primary that where two interpretations of a will are possible, one of which results in invalidity and the other in validity, the latter must be adopted. (*Matter of Trevor*, 239 N. Y. 6, 16; *Matter of Drake*, 153 Misc. 691, 692; *Matter of Moores*, 155 id. 471, 473.) Such is the present situation, since the item is as readily construable that the existence of the trustee's discretion respecting payment is to continue only so long as the infant remains in her household, as that the payments may be made only during such time. Indeed, the alternate interpretation is the more reasonable in view of the manifest intent of the testatrix to dedicate the fund to the promotion of the welfare of the granddaughter, since on the construction advocated by the trustee, even could this be validated, there would be no person capable of making payments even if the granddaughter had not been reclaimed by her father, in the event of the trustee's death.

It follows, on the interpretation of the entire item as adopted by the court, the fund is held by the trustee or her successor for use by her or such successor in the support, maintenance and education of the infant. As the latter is a ward of the court, it must follow upon the deletion of the discretionary authority of the trustee by the happening of the event upon which it is conditioned, that the discretion respecting the extent and manner of the use of the fund for the needs of the infant has devolved upon the court itself, with the qualification, in view of the direction that the " sum be used by " the trustee, that the amounts to be expended shall be disbursed by her or her successor, which, in substance, is equivalent to a direction " to apply." (*Matter of Quinlan*, 147 Misc. 483, 484, 485.)

The extent to which the court will from time to time authorize payments to be made on behalf of the infant will, of course, depend on the relevant demonstrations which may be adduced on each application. On the hearing just had, it was shown that the health

of the infant requires that she be enabled to go to certain relatives in Florida which will entail an expense for transportation estimated at approximately twenty-five dollars. This will be allowed and its defrayal directed. It seems reasonable to suppose that she will also require certain additional expenditures for clothing, etc., and for medical attention while there, and the trustee will be authorized and directed to make expenditures from time to time for these purposes which, when added to the transportation expense will not exceed a total of $150.

So far as concerns the expenditures made and obligations incurred by the infant's father for medical services, the court is wholly sympathetic with his financial difficulties, but cannot see its way clear to authorizing a reimbursement or exoneration of his liability in this connection. The fund upon which the infant may rely, as far as this estate is concerned, is meager at best, and the defrayal of such expenses is a part of his legal duty to his infant child. (*Laumeier* v. *Laumeier,* 237 N. Y. 357, 364; *Haskell* v. *Haskell,* 201 App. Div. 414, 416; affd., 236 N. Y. 635; *Finkelstein* v. *Finkelstein,* 174 App. Div. 416, 419; *Matter of Stowell,* 172 id. 684, 687; *Schonberger* v. *Culbertson,* 231 id. 257, 258; *Levy* v. *Levy,* 242 id. 773.)

Enter decree, on notice, in conformity herewith.