In the Matter of the Estate of HENRY C. BERLIN, Deceased.

Surrogate's Court, New York County, August 10, 1938.

*Harold E. Lippincott,* for the surviving executor and trustee, petitioner.

*Lamar Hardy,* special guardian for infants, objectants.

*Cullen & Dykman,* for Katherine Dickson.

*M. Harvey Smedley,* for Mary Adelaide Blanchet.

DELEHANTY, S.   In this accounting proceeding objections have been made which raise serious issues respecting the management of the estate by the accounting surviving executor and trustee. The parties are of opinion that these objections in part raise a problem of construction.   Accordingly they have requested that preliminarily the court construe the will in so far as the gift under the seventh paragraph thereof is concerned.

Deceased executed a will and two codicils which were admitted to probate collectively by decree of this court dated June 3, 1921. He made outright gifts of approximately $115,000 under the second, fifth and sixth paragraphs of his will as modified by his codicils. By the seventh paragraph of his will he made the gift which is here in controversy.   By the eighth paragraph of his will he put in trust the rest, residue and remainder of his estate with " any and all additions thereto."   This residuary trust was to be apportioned into three equal parts and held respectively in trust for the lives of named income beneficiaries.   By paragraph third of the will lapsed legacies became part of the residuary.

The pertinent language follows:

" *Seventh.*   I give, devise and bequeath to my executors and trustees the sum of Fifty Thousand Dollars ($50,000), IN TRUST, nevertheless, for the following uses and purposes, to wit:

" To pay over the net income of said sum in equal quarterly payments to my grandson George H. Berlin during his life and upon his death, if his wife Ethel Berlin survives him, to pay over to her during the period of her life the net income thereof in equal quarterly installments, and upon her death or upon the death of George H.

Berlin, if his wife Ethel Berlin dies before him, then I direct my executors herein named to pay said principal sum to their issue then surviving, and to the lawful issue, if any, of any deceased child, the children of any such deceased child to take the portion such deceased child would be entitled to if living. In the event, however, that the said George H. Berlin and Ethel Berlin die without issue, the said principal sum of Fifty Thousand Dollars ($50,000) shall become a part of the residue and remainder of my estate, and I direct my executors and trustees to add the said principal sum thereto and to dispose of and administer the same according to the provisions of my Will."

The three residuary life beneficiaries are living. George H. Berlin and Ethel Berlin, the income beneficiaries under the quoted clause, are still living. They have been divorced. They have no issue. The former Mrs. Berlin has remarried.

Premising the argument on the conceded principle that the court must determine the validity of the trust provision on the basis of what might have been rather than on the basis of what actually happened, it is asserted that the $50,000 trust fund under clause seventh of the will may be held in trust for a minimum of three lives. So obviously invalid a suspension is said to be fatal to the trust as a whole. Those who argue for illegality assert that the court may not save any part of the trust provision because to do so would violate the intention of deceased. Emphasis is placed upon the direction in clause third of the will that *lapsed* legacies fall into the remainder and on the final sentence of paragraph seventh of the will which directs that the principal of the trust fund in controversy should go into the residuary if the income beneficiaries die without issue.

While arguing that the court must not alter the will so as to cause an intestacy which would violate deceased's intention and disrupt his testamentary plan, the protagonists for the claim of invalidity say that the court should delete paragraph seventh from the will and thus cause the fund to fall into the residuary. It is contended that thereby part of deceased's expressed intentions will be effectuated and intestacy will be avoided. On the other hand, it was argued that the court is bound to salvage so much of the testamentary scheme as is consistent with the statutory limitations on suspension of ownership.

The question presented is whether such salvage is permissible here under the authorities. The court holds that it is. A reading of the will and the codicils thereto discloses no purpose of deceased to prefer the residuary beneficiaries over the beneficiaries under clause seventh of the will. Nowhere in the will or its codicils

is to be found any expression of intention that if the contingent gift to the residuary legatees of the $50,000 fund should fail, the whole purpose of deceased would be nullified. On the contrary, a reasonable scrutiny of the will requires the court to find that the major purpose of deceased in respect of this particular fund was to provide from it an income to his grandson during life and to pass the fund on to his grandson's issue. His intention was that in the interim between the death of the grandson (if it occurred prior to that of his wife) and the death of the wife, the income should be payable to the latter. The plan of disposition in paragraph seventh is wholly valid and wholly consistent until the final sentence is reached. There deceased attempted something which he could not do validly. That provision may, however, be excised without doing any violence to the primary intent of deceased. The authorities require that it be so excised. (*Matter of Colegrove,* 221 N. Y. 455; *Matter of Trevor,* 239 id. 6; *Matter of Horner,* 237 id. 489; *Matter of Mount,* 185 id. 162.)

Argument is made that the result of this ruling is to cause an intestacy. The court may not at this time indulge in that presumption. If, however, it were to be indulged the result must be the same. None of the many cases cited in support of the principle that a construction which would cause intestacy is to be avoided controls the decision here. As the cases cited in this opinion show, the first objective is to protect and preserve so much of the testamentary plan as may lawfully be preserved. It is implicit of course that in any such preservation of only a part there is disregard of the remainder of the plan. If that disregard results in intestacy that result must be accepted. In such circumstances it is plain that the principle of preservation of the lawful part of the plan is the stronger and must be held to overbear the principle of avoiding intestacy.

Accordingly the court holds that the provision of clause seventh of the will may validly be enforced during the lives of George H. Berlin and Ethel Berlin. The court will make no further ruling at this time since none is required and since the factual situation at the death of the survivor of these two should be known before any ruling is made respecting the devolution of the principal fund. (*Matter of Mount, supra.*)

A decree so construing the will may be submitted if the parties desire to review this determination. Otherwise the construction here given will be made a part of the decree on the accounting. The accounting proceeding is placed upon the calendar of the court for a hearing on the objections on September 8, 1938, at ten A. M.

Proceed accordingly.