In the Matter of the Estate of SAMUEL W. BROWN, Deceased.

Surrogate's Court, Albany County, June 24, 1940.

*Wiswall, Walton, Wood & McAffer*, for the National Commercial Bank & Trust Company.

*Charles T. Lark* [*Ellis J. Staley* of counsel], for the petitioners Elizabeth Brown Drummond and Ruth Zimmerman Barnes.

*Stedman & Stedman,* for Grace F. Taylor, Ethel M. King and Ida H. Stevens.

*Bernard Ellenbogen,* special guardian for infants.

ROGAN, S. The validity of the provisions of article " Nineteenth " of the will here under consideration has been attacked as being violative of section 11 of the Personal Property Law and section 42 of the Real Property Law, it being the contention of certain of the next of kin who would not otherwise benefit, that the language of the will is susceptible of an interpretation that a single trust only was erected, limited upon three lives, consequently resulting in complete intestacy of the residue.

As to the residue of his estate the testator provided as follows:

" *Nineteenth.* All the rest, residue and remainder of my estate both real and personal, of every name and nature whatsoever and wheresoever situate, including all income which shall have been received during administration, I give, devise and bequeath to my executor and trustee, hereinafter named, in trust, nevertheless, as follows:

" I direct my said trustee to invest and reinvest the said residuary estate and to receive and collect the interest and income derived therefrom. I authorize and empower my said trustee to hold as a part of the trust fund herein established any and all bonds, stocks or other instruments for the payment of money which may be owned or held by me at the time of my death, even though such securities may not be those prescribed by the laws of the State of New York as legal investments for trust funds, if, in the judgment of my said trustee the retention of said securities shall be for the best interest of my estate and the trust fund herein established. After paying any and all lawful charges I direct that my said trustee pay the income, profits and interest therefrom to my nieces Grace F. Taylor, Ethel M. King and Ida H. Stevens, share and share alike. I direct that the first payment of income shall be made one year after the date of payment to my said nieces of the specific bequest set forth in paragraph ' Third ' of this instrument, and that thereafter the income shall be paid to the said beneficiaries at stated intervals so that payments shall be at least as frequently as every three months in each year. I direct the trust herein created shall continue during the life of the longest liver of said beneficiaries but not, however, for a longer period than ten years after this instrument shall have been admitted to probate. At the death of the longest liver of the said beneficiaries or at the expiration of ten years, as the case may be, I direct the trust herein created shall terminate and I give, devise and bequeath the corpus or principal thereof, together with all accumulations of interest

thereon, to my said nieces share and share alike, or to those who shall be their distributees under the law of the State of their domicile in the event of the death of all or any of them."

It was observed by Surrogate WINGATE in *Matter of Drake* (153 Misc. 691) that "The modern tendency of the courts is to sustain so much of a trust as may be compatible with the particular intention of the testator and with his general testamentary plan, and to hold only such portions invalid as necessarily infringe the terms of the statute," or as is said in *Matter of Lyons* (271 N. Y. 204): "We must endeavor to carry out as far as possible the intent of the testatrix. 'When it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such construction will be adopted as will prevent intestacy, either partial or total, as the case may be.' (*Kalish* v. *Kalish*, 166 N. Y. 368, 375.) "

The primary and dominant intention of the testator was that each of his named nieces should during her life, but not for a period exceeding ten years, receive the income from one-third of his residuary estate, and this provision may be effectuated without infringement of the terms of the statute by a determination that he beneficially dedicated one-third of the corpus to each niece for life, not exceeding, however, the ten-year period, the entirety being retained *in solido* simply for convenience in investment during this period. (*Matter of Drake*, 153 Misc. 691; affd., 246 App. Div. 758; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Matter of Buttner*, 243 id. 1.) His secondary desire was that upon the death of the first to die, the income which the particular deceased niece had enjoyed during life should be payable to the surviving nieces in equal shares until the death of the second to die, provided such death occurred during the ten-year limitation, or should two of them die within the prescribed period, the whole income to be payable to the surviving niece for life, but in no event to exceed ten years. The primary use for each of the three nieces is valid, as is the secondary use of the principal of the first to die of the two survivors. (*Matter of Chapman*, 169 Misc. 1035.) An infringement of the statute respecting the restraint on alienation is only encountered after the death of two lives in being. (Pers. Prop. Law, § 11; Real Prop. Law, § 42.) Up to this point the plan of disposition is wholly valid and consistent, and while the testator attempted to do something which he could not do validly, the provision may be excised without doing any violence to the primary intent of deceased. The authorities require that it be so excised. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Trevor*, 239 id. 6; *Matter of Horner*, 237 id. 489; *Matter of Mount*, 185 id. 162.) Applying to the case at bar the principles enunciated, I hold and decide as follows:

1. By the will of Samuel W. Brown there were three trusts created, one for each of his three nieces, to be held *in solido* for convenience.

2. The income of each trust is payable to the beneficiary for whom it is held for the period of her life, but not exceeding ten years.

3. If all these nieces are living at the expiration of the ten-year period, each is to be paid the corpus of the trust held for her.

4. If one niece, whom we will designate as A, dies before the expiration of the ten-year period, then the corpus of the trust held for her is divided equally between the two survivors, whom we will call respectively B and C, for their respective lives, but not exceeding the ten-year period.

5. If the second niece (B) dies within the ten-year period, the corpus of the trust originally held for her is added to the trust for C, and the income thereon paid to C for life, not exceeding the ten-year period.

6. Should B die before the expiration of the ten-year period, one-half of the share of A, who had died first, and which had been enjoyed by B, the second to die, could no longer be subject to restraint, since upon the death of B its beneficial use would have been enjoyed by two persons. It would follow, therefore, that if such event occurs, invalidity of direction would affect this share only, and it could not be held for the benefit of the surviving niece (C), but would vest in absolute possession or pass as in intestacy.

7. If the third niece (C) dies within the ten-year period, the corpus of the trust held for her is payable to the distributees of all three nieces, A, B and C.

8. Should B and C live beyond the period limited by the testator, the trusts would terminate and the corpus originally dedicated to their use would be payable to each of them, and the share set apart in the beginning for the benefit of A would be payable to her distributees. Should only one niece survive, the corpus would be payable to her and the distributees of the first two to die.

As I hold that the provisions of article " Nineteenth " may be validly enforced during the lives of two of the three nieces, in order to carry out as far as possible the testator's intent, it would be purely speculative at this time to attempt to determine what might occur in the future. What might happen hereafter is now academic and " the court deals not with academic or abstract questions as to what might happen." I feel, as the situation now stands, and in view of the determination herein made, no further ruling at this time is required, since the death of the first two nieces within the ten-year period would have to be established before any ruling can be made respecting the devolution of the principal fund. (*Matter of Berlin*, 169 Misc. 128.) Decreed accordingly.