In the Matter of the Estate of ALICE SAUNDERS, Deceased.

Surrogate' Court, Saratoga County, June 14, 1941.

*Carroll & Amyot* [*James F. Carroll* of counsel], for Alice Streeter, as administratrix, etc., petitioner.

*Corliss Sheldon*, for Randall W. and Paul W. Saunders.

*Francis E. Dorsey*, special guardian for James Lincoln Saunders and Thomas Arthur Saunders.

TUCK, S. This is a proceeding for a construction of paragraph third of the last will and testament of Alice Saunders, deceased, which reads as follows:

" *Third.* I direct that all the rest of my estate of every name and nature be placed in a trust fund to be disposed of as follows:

" *1st.* The net income to be paid semi-annually to my brothers, Randall, Robert and Paul, in equal shares, or to such of them as be living, until they shall die.

" *2nd.* Upon the death of the last brother the principal sum of said trust and any accrued income remaining shall be divided as follows: To my nephews and nieces who shall be living at the time of my death; said nephews and nieces shall become vested with their share of my estate upon my death subject to the life estate of my brothers; so that their interest will descend to their heirs in case of their death before the trust is divided.

" *3rd.* For the purpose of carrying out this trust, I give, devise and bequeath unto Benjamin K. Walbridge, as trustee, all the rest, residue and remainder of my estate, who shall act as trustee and before entering upon his duties shall give a surety company's bond in an amount sufficient for the money which shall come into his hands, said surety company to be under State supervision; Said trustee shall make annual accounting of the trust. In case of his death the Surrogate of Saratoga County shall appoint a substitute trustee under the same terms. This provision is made for the income to go to my brothers during their lifetime and the principal to vest in my nephews and nieces."

A principal rule of construction is that the court shall ascertain the intent of the testator and give effect to that intent providing it does not offend against statutory limitations.

It appears from a reading of the third paragraph of decedent's will that her primary intention was to make provision for her three brothers, Randall, Robert and Paul. There is also apparent a design in the provisions of this paragraph to preserve the corpus of the estate intact for distribution among her nephews and nieces who shall be living at the time of her death, and to the heirs of any who may die before the termination of the trust.

In *Central Trust Co.* v. *Egleston* (185 N. Y. 23) and in *Leach* v. *Godwin* (198 id. 35) the Court of Appeals has provided a formula by which we may test the provisions of the will as to whether a *singular* trust is constituted or plural trusts in substantially the following language: " In order for the court to hold that there were nevertheless separate and independent trusts, the will must provide that a portion of the principal fund be separated from the trust corpus upon the termination of the respective lives in being at the death of the testator."

Applying this test to the provisions of paragraph third we fail to find such separation of a portion of the principal fund but, on the contrary, an intent to preserve the fund intact.

The will includes no language from which we can discern an intent to prefer the nephews and nieces to the brothers of the testatrix. Should we find that the brothers are excluded from any benefits of the will and that the whole estate immediately passes

to the nephews and nieces, we cannot fail to do violence to the apparent intent of the testatrix to first provide for her nearest of kin. However, since the trust provision is void, that result must obtain unless we find in the will and in the rules of construction or the statute reason to reach a different determination.

The language of the will does not give the remainder absolutely to the nephews and nieces but directs that the remainder shall vest upon the death of the testatrix so that the interest of the nephews and nieces will descend to their heirs in case of their death before the trust fund is divided.

It has been held that the remainder must vest absolutely in order to accelerate. Since the remainders do not vest absolutely, we reach the conclusion that they are not accelerated and that there is a failure of valid disposition of all of the property which was intended to form the trust fund. (*Matter of Drake*, 153 Misc. 691; *Matter of Weil*, 151 id. 841.)

Submit decree accordingly, upon notice.