In the Matter of the Estate of GERALD ROBERT MACINTYRE, Deceased.

Surrogate's Court, Richmond County, December 29, 1941.

*Greene & Greene,* for Russell Leavitt, as executor, etc., petitioner.

*Vincent K. Drury,* special guardian.

BOYLAN, S. In this accounting proceeding the executor has requested the court to construe the will of decedent who died on May 29, 1938, leaving a last will and testament dated January 4, 1934, and a codicil thereto dated February 19, 1937, both of which were admitted to probate by this court on January 20, 1939.

After providing for legacies of $500 each to his niece Doris (a daughter of Colin MacIntyre, a brother who predeceased the testator) and his nieces Mona and Mavis (daughters of William H. MacIntyre, a brother who predeceased the testator), and a bequest of his personal effects to his three sisters, the testator provided as follows:

" I direct my Executors and Trustees hereinafter named to invest all the remainder of my estate — both Real and Personal — including any moneys received from Life Policies and any funds in banks — and to apply the Income arising from such Trust Fund in the following manner.

" To my brother John Gellion MacIntyre of Domenica. Annuity of Two hundred and fifty dollars in U. S. during his lifetime.

" To my sister in law Kathleen MacIntyre of Domenica. Annuity of Two hundred and fifty dollars in U. S. during her lifetime.

" The Balance of income from Trust Fund to be divided annually amongst my three sisters Eleanor Margaret MacIntyre Georgina Celia Lockhart and Annie Frances MacIntyre or to such of them as may survive me. On the death of any of my sisters her Share of Income to be paid to my Niece Doris MacIntyre Harrison or to her children in equal parts.

" When all of my three sisters have died the total amount of Trust Fund to be paid to my Niece Doris MacIntyre Harrison — or if she is not then living to be divided amongst her surviving children share and share alike."

The testator's brother John predeceased him, so the provisions for his benefit lapsed. Each of the three nieces has received a legacy of $500, and the personal effects have been delivered to the testator's three sisters. The executor has distributed the income of the estate, $250 a year, to Kathleen MacIntyre, the sister-in-law of decedent, and the balance equally among the testator's three sisters.

The first question presented to the court is whether the testator intended to provide an annuity for his sister-in-law Kathleen MacIntyre. In *Matter of Ableser* (N. Y. L. J. June 27, 1938,

p. 3096) this court quoted with approval the rule as laid down by Surrogate FOWLER in *Matter of Kohler* (96 Misc. 433, 441) which reads as follows: " The distinction between ' annuities ' and trusts for the payment of income to beneficiaries is a substantial one. Where an annuity is created the annuitant is entitled to the stipulated payments per annum irrespective of the earnings derived from a particular corpus or fund. Where a trust fund is created, however, the beneficiaries are entitled to the entire income earned on the portion mentioned in the will. In the case of annuities, where the income is insufficient, the executors or trustees may encroach upon the principal, even in the absence of a specific direction. In the case of a real or express trust, the trustees are not permitted to pay out any portion of the principal unless the will specifically so authorizes."

The court is of the opinion that the testator intended to provide an annuity for his sister-in-law, Kathleen MacIntyre, *first,* because he designated the gift to her as an annuity, and *second,* because he failed to provide for a continuance of the trust during her lifetime, which would be necessary if he intended that the gift to her was to be paid only out of the income from the residuary estate. (*People's Trust Co.* v. *Flynn,* 188 N. Y. 385; *Buchanan* v. *Little,* 154 id. 147; *Matter of Smathers,* 133 Misc. 812.)

The cardinal principle of testamentary construction is that the court shall ascertain the intent of the testator and give effect to that intent provided that it is not contrary to public policy or an established rule of law. (*Matter of Buechner,* 226 N. Y. 440; *Close* v. *Farmers' Loan & Trust Co.,* 195 id. 92; *Hartnett* v. *Wandell,* 60 id. 346; *Matter of Walsh,* 147 Misc. 281.)

From a reading of the residuary clause of the decedent's will it is obvious that he intended to make provision for his three sisters and to preserve the corpus of the estate for his niece Doris. If the trust provided for in this paragraph is considered a single trust it is limited upon three lives, would be, therefore, void and result in complete intestacy of the residue. In *Matter of Drake* (153 Misc. 691, 692; affd., 246 App. Div. 758) the court said: " The modern tendency of the courts is to sustain so much of a trust as may be compatible with the particular intention of the testator and with his general testamentary plan, and to hold only such portions invalid as necessarily infringe the terms of the statute. (*Matter of Burling,* 148 Misc. 835, 844, and the authorities cited.) If there is a mode by which the testamentary directions may lawfully be effected and another method which would result in invalidity, the former will be deemed to have been intended in the absence of direct contrary expression or inescapable inference.

(*Matter of Howells*, 145 Misc. 557, 559; *Matter of Bell*, 141 id. 720, 721, 722; *Matter of Storey*, 134 id. 791, 796.) "

The dominant wish of the testator was that each of his three sisters should receive the income for life from one-third of his residuary estate and this purpose may be effectuated by a determination that he beneficially dedicated one-third of the corpus to each for life, the entirety being retained *in solido* merely for convenience of investment during this period. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48, 61; *Matter of Buttner*, 243 id. 1, 4.)

There is a long line of cases in which the courts have resorted to the device of setting up separate trusts for the named beneficiaries in order to avoid the taint of illegality. (See *Matter of Colegrove*, 221 N. Y. 455; *Matter of Horner*, 237 id. 489; *Looram* v. *Looram*, 269 id. 296; *Matter of Mount*, 185 id. 162; *Vanderpoel* v. *Loew*, 112 id. 167.)

This court holds that it was the intention of the testator to provide for three separate trusts, each to be held for the life of one of his sisters as a primary life estate and for the life of his niece Doris as a secondary life estate.

After providing for a life estate in Doris, the testator then provided " or to her children in equal parts." This provision is void as at the creation of the trust the children of Doris might not be in being. (See *Matter of Horton*, 175 Misc. 542; *Matter of Piggott*, 149 id. 414; *Hoyt* v. *Hoyt*, 125 id. 95; affd., 215 App. Div. 773.)

It is presumed that the testator did not intend that his entire purpose or plan should fail because of the invalidity of a subordinate feature. " If we can read into a will an intention to preserve any part of it, even with the illegal portions stricken out, the court will do so. * * * This is not strictly law; it is a matter of good judgment, the judgment of men according to our judicial system must in the last analysis determine the question." (*Matter of Durand*, 250 N. Y. 45, 53, 54.) The court can perceive of no reason why the trusts should fail in their entirety. The primary trusts for the benefit of the sisters and the secondary trusts for the benefit of the niece Doris may stand, but the trusts for the children of Doris must be severed and rejected. (See *Matter of Horner, supra; Matter of Trevor*, 239 N. Y. 6; *Matter of Gallien*, 247 id. 195; *Matter of Durand, supra.*)

The testator has provided for a remainder gift and the question is whether or not such remainder may be accelerated. Must all of the dispositive provisions subsequent in time of enjoyment to one judicially determined to be invalid, fall with the invalid clause and the property involved ultimately pass as a portion of the residuary estate as in intestacy, or may the ultimate dispositions be immediately effected and the remainders accelerated? The

answer depends upon whether or not the remainders are absolutely and indefeasibly vested. 1. Will those who would now take upon the acceleration of the remainders necessarily be the same as those who would have taken upon the natural termination of the invalid provisions? 2. Will the quantity or proportionate share of the property involved which each beneficiary would now receive upon the acceleration of the remainders necessarily be the same as a matter of law as that each would have received upon the normal termination of the invalid estate? If the answer to each of these questions is in the affirmative, the remainders, being indefeasibly vested, will be accelerated and become effective at once. (*Kalish* v. *Kalish*, 166 N. Y. 368; *Oliver* v. *Wells*, 254 id. 451.)

" The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course." (*Matter of Durand, supra,* 55.) The remainder must vest absolutely in order to accelerate. (*Matter of Saunders,* 176 Misc. 654.) If the will provides that upon the termination of the invalid provision, the remainder is to be given to the " then living issue " of the life beneficiary, acceleration may not be had for there is no assurance that the presently living issue of the life beneficiary and those who will comprise his living issue at the time of his death are identical. (*Matter of Silsby,* 229 N. Y. 396.)

From a reading of the provision of the will wherein a disposition of the corpus of the trust is attempted it is clear that the testator intended that there should be no vesting until all three of his sisters should die. The court, therefore, holds that since the same persons may not take who would take upon the termination of the invalid provision and since as a matter of law the quantity or proportionate share of the property which each beneficiary would receive may not be the same as each would receive upon the termination of the invalid estate, the remainder, being contingent and not vested, cannot be accelerated. (*Matter of Silsby, supra.*) Since the gift of the corpus is incapable of acceleration it violates section 42 of the Real Property Law and section 11 of the Personal Property Law in that it cannot vest within two lives in being at the time of the death of the testator and is, therefore, void because of remoteness. (*Matter of Wilcox,* 194 N. Y. 288.) There is an invalid disposition of the corpus of the trust and since this is found in the residuary clause of the will the corpus passes under the Statutes of Descent and Distribution.

No objection having been filed to the account it is approved as filed.

Submit decree judicially settling the account and in accordance herewith.