In the Matter of the Construction of the Will of EMELYN H. SAMUELS, Deceased.

Surrogate's Court, Kings County, March 1, 1954.

*Raphael & Dorman* for Emlen H. Samuels and another, as executors of Emelyn H. Samuels, deceased, petitioners.

*Chadbourne, Parke, Whiteside, Wolff & Brophy* for National Shawmut Bank of Boston, respondent.

*Jacob Goldberg,* special guardian.

RUBENSTEIN, S. A construction is required to determine the validity of a trust in articles " Eighth " and " Ninth " of the testatrix' will. By these articles, a trust was created of the

residuary estate, the income of which was payable in equal parts to her husband and to each of two named sons during their respective lives, and upon the death of any beneficiary the income was to be payable to the survivors except that if either son died before the husband, such son's share of the income was to be paid as provided by a codicil to the guardian of such deceased son's children for the benefit of such children. The duration of the trust is for the life of the husband " and the life of such of my two sons (named) as shall live the longer ", when the trust was to come to an end and the corpus be divided among the lawful issue of the two sons per stirpes. The trustee is a national bank of Boston, Massachusetts.

The trustee and the special guardian both urge that the will be construed as creating three separate trusts, one for the husband and one for each of the two sons, in order to sustain the will provision or that the court indulge in deletion of the objectionable portions.

In seeking the intention of a testator, the court must give effect to the language used in the instrument. It may delete or add words in limited cases, but in the main, it may not make a new will for the testator. The principle has been aptly stated by the court in *Simpson* v. *Trust Co. of America* (129 App. Div. 200, 203). " The duty of the court is to interpret, not to construct; to construe the will, not to make a new one. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Tilden* v. *Green*, 130 id. 29, 51.)" The trust plan created an indivisible fund during the lives of three persons, who were to participate in the income and which was to terminate only upon the death of the last of them; and cannot be sustained (*Matter of Nole*, 71 N. Y. S. 2d 565, affd. 275 App. Div. 705; *Matter of Beale*, 213 App. Div. 13; *Matter of Saunders*, 176 Misc. 654). The disposition of the remainder on the termination of the trust is to the issue of the two sons. The remainders are, therefore, contingent and may not be accelerated.

The nominated trustee further urges that the trust is wholly valid in Massachusetts where it is to be administered and the law of that State should apply. It is contended that since a foreign trust company was designated as trustee, the testatrix contemplated the administration of the trust under the laws of that foreign State (*Erdheim* v. *Mabee*, 305 N. Y. 307). Here, such a conclusion can be questioned, since the testatrix was a domiciliary of this State and the named *cestuis*, likewise, residents of this State. The validity of the trust is determined by

the laws of the domicile of the testatrix, since it is that law which governs the devolution of moveable property under the will and not the law of the State where the trust, if valid, may be administered (*Cross* v. *United States Trust Co.,* 131 N. Y. 330; 2 Beale on Conflict of Laws, § 295.1, p. 1022).

Since the invalid provision is contained in the residuary clause, the residuary passes in intestacy.

Submit decree, on notice, accordingly.