William T. Collins, S.
In his will the decedent, a Florida domiciliary who owned certain New York real property, established a trust of 50% of the adjusted gross estate for the benefit of his widow for life. On her death in default of the exercise by her of a general testamentary power of appointment, the corpus will fall into the residue. The decedent directed that the residue of his estate be divided into two equal shares each of which is to be held in trust for a period limited on the lives of four named persons all of whom survived the testator.
The first trust is for the benefit of decedent’s son for his life, thereafter to the son’s widow Lucy for her life, thereafter in trust for further lives, remainder to the son’s issue. The second trust is for the benefit of decedent’s daughter for her life, thereafter in trust for further lives, remainder to the daughter’s issue. The trustees are given power to invade principal for the benefit of the son and his issue in one instance and the daughter and her issue in the other instance.
Manifestly the attempted suspension by the testator of the power to alienate this property and the attempted postponement of the ultimate vesting of the remainder for a period beyond two lives in being is invalid as to the New York real estate (Beal Property Law, § 42 et seq.).
It is clear from a reading of the will, however, that the testator in establishing the residuary trusts had primarily in mind the benefit which would accrue to his son and his daughter. The subsequent life estates are both separable and of secondary importance in the testamentary plan. The court may properly therefore excise the invalid life estates in order to effectuate as nearly as possible the testator’s intention. The first residuary trust is accordingly sustained to the extent that life estates are *104 created for the benefit of decedent’s son Isidore for life and thereafter for the benefit of Isidore’s widow, Lucy, for her life. Similarly the second residuary trust is sustained to the extent that a life estate is therein created for the benefit of the decedent’s daughter Florence for her life. The other life estates are excised as invalid. (Matter of Horner, 237 N. Y. 489.)
The will provides that these trusts shall terminate on the death of the survivor of the four named persons, the corpus of the first to pass “ to the issue of my son per stirpes ”, that of the second trust “ to the issue of my daughter per stirpes.” Unfortunately, such remaindermen cannot be known until the end of the four lives in being established by the testator as the period of the trust. The remainders are necessarily contingent therefore for a period longer than that permitted by our Statute against Perpetuities (cf. Matter of Crane, 164 N. Y. 71; 2 Davids on New York Law of Wills, § 653). The law is settled however that “ for a contingent limitation of a remainder * * * to be valid, the contingency must be such as necessarily to occur within two lives in being at the death of the testator.” (Matter of Wilcox, 194 N. Y. 288, 306.) The remainders accordingly cannot be accelerated and the corpus of the residuary trusts upon termination of the life estates must pass as intestate property. (Matter of Brecke, 192 Misc. 920; Matter of Borneman, 68 N. Y. S. 2d 358; Matter of MacIntyre, 177 Misc. 833; Matter of Terwilligar, 135 Misc. 170, affd. 230 App. Div. 763, motion for leave to appeal denied 230 App. Div. 846; Matter of Fischer, 307 N. Y. 149.)
The trust for the benefit of the widow involves a somewhat different situation. Only upon nonexercise by her of the testamentary power of appointment granted to her, will the corpus of the trust created for her benefit fall into the residue and be governed by the provisions above considered. For the court to pass now upon the validity of this gift over would be to adjudicate a situation which may never arise and which falls within the extra-jurisdictional sphere of academic or abstract questions as to what may happen. The court accordingly declines to pass upon such question (Matter of Trevor, 239 N. Y. 6; Matter of Mount, 185 N. Y. 162; Matter of Berwind, 181 Misc. 559).
Submit decree construing will accordingly on notice.