John D. Bennett, S.
In this accounting proceeding a construction of the will has been requested by supplemental petition.
The testatrix died on April 2, 1942. By paragraph Fifth of the will, as amended by a subsequent codicil, a bequest of $20,000 was given in trust for the benefit of testatrix’ sister, the remainder to be added to the residuary estate.
The testatrix directed that her residuary estate be divided into two equal shares, one share to be held in trust for her daughter, and the other for her son, now deceased, and in the case of her son, for the further life of his wife Bess. The remainder of the trust for the son, upon the death of the son and his wife Bess, “ shall become payable and be distributed among the lawful issue or adopted child or children of my said son per stirpes and not per capita ”. There is an alternate gift in default of issue or an adopted child by the son to the issue of the daughter.
All the parties who have appeared and argued the construction question agree that as to one half of the corpus of the trust for the sister, which is directed to be added to the son’s trust, there is an illegal suspension of the power of alienation for a period of three lives, which constitutes a violation of the applicable statute (Personal Property Law, § 11, as in effect at testatrix’ death). The parties further agree, and the court concurs, that the invalidity affects only the corpus of the sister’s trust, and not the separable trusts for the son and his wife and the trust for the daughter directly set up by the residuary clause (Matter of Von Merenberg, 137 N. Y. S. 2d 714). Also no one has argued whether the addition of one half of the corpus of the trust for the benefit of the sister to the daughter’s trust is affected by such invalidity, a question which this court finds necessary to consider.
The primary difference in the positions arises over the question whether the one half distributable to the deceased son’s share in trust may be accelerated. Since the disposition *1068 of the remainder of the trust for the son is to a class consisting of issue or adopted children, who are therefore required to survive both the son and his wife, with a substitutionary gift in default thereof, it is contingent and therefore cannot be accelerated (Matter of Durand, 250 N. Y. 45; Matter of Terwilligar, 135 Misc. 170, 184, affd. 230 App. Div. 763; Matter of Samuels, 205 Misc. 368).
The more difficult question presented is to what extent should the provisions of the will be excised because of the invalid suspension (see 5 Powell, Beal Property, par. 797).
In Matter of Durand (supra, pp. 53, 54), certain general principles in this area are set forth: “ The dominant, underlying principle in all these cases is to carry out as far as possible within the meaning of the statute, the intention of the testator! If we can read into a will an intention to preserve any part of it, even with the illegal portions stricken out, the court will do so. In such a case we try to determine whether the maker of the will would have created the trust if all his express purposes could not be accomplished.”
Again, in Matter of Lyons (271 N. Y. 204, 209) the following language appears: “ Excision of an invalid bequest to one child or descendant may result in injustice not intended by the testator, and in an inequitable division of the estate. It may so deform the general plan of division that the court is constrained to find that total intestacy would more nearly carry out the testator’s intentions than partial intestacy.”
Evident throughout the will and various codicils of the testatrix is an obvious purpose to treat both children and their respective families equally. Holding the disposition of the corpus of the trust for the sister to he invalid merely as to the one half added to the share of the son in trust, will result in the daughter or her family eventually succeeding to three quarters of the corpus of the trust for the sister. As pointed out, however, in Matter of Lyons (supra) excision should he performed with due regard to the dominant intention of the testator (see, also, Matter of Oppenheim, 175 Misc. 634). Accordingly the court holds that the trust for the benefit of testatrix’ sister was valid only to the extent of the life of the primary beneficiary, and that the remainder should have been distributed upon her death by intestacy to the decedent’s son and daughter as her sole distributees. Since the son is now deceased, his share is payable to his estate.
The trust of $20,000 for the benefit of the decedent’s sister has never been segregated from the residuary estate, and a prorata share of the income was paid to her. Under the *1069 circumstances, the trust for the sister’s benefit should share proportionately in the appreciation in the value of the assets.
The objection with regard to the apportionment of taxes can be cured by an amendment to the account. The objection to paying commissions is overruled.